**David Ray EARNEST, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–88–333 CV.**

Court of Appeals of Texas, Beaumont.

June 20, 1990.

William E. Hall, Jr., Conroe, for appellant.

Peter Speers, III, Dist. Atty., Thomas D. Glenn, Asst. Dist. Atty., Conroe, for state.

## OPINION

BURGESS, Justice.

A jury found David Ray Earnest guilty of murder and assessed punishment at confinement in the Texas Department of Corrections for life and a $10,000 fine. Appellant urges two points of error.

■ Point of error one avers a blood sample was improperly admitted into evidence. Appellant claims the state failed to establish the chain of custody of the sample of the victim's blood. The victim, Lucinda S. Giles, was appellant's common law spouse. She had left him approximately six months before she was beaten or kicked to death. Appellant called the emergency service and was at the scene when the police arrived. The state's forensic scientist identified blood found on appellant's boot, shirt, and jeans as consistent with that of the victim. Appellant did not deny that the blood on his clothing was the victim's. He testified that he came to see his daughter, found Lucinda inside the front door, carried her to her bed, and tried to wipe up some of the blood off of her before he called emergency services.

The pathologist, Dr. Parungao, was the assistant medical examiner of Harris County, Texas. As part of his duties, he assigned a number, PA88–77, to the body of Lucinda S. Giles, and performed an autopsy upon her on March 12, 1988. He drew blood from her heart as a part of his routine, placed it in a container, labelled the container by autopsy body number, and placed it in the refrigerator. He identified the vial the blood sample was in as coming from his office and stated the label on the vial identified the blood as the victim's. He stated that the post-autopsy procedure in all their cases was to seal the container and place it in the refrigerator, and that when the toxicologist picks up the sample for laboratory work, they would draw some blood from the container and put it in a test tube for the testing.

Charles Ray, the District Attorney's Office investigator, testified he went to the Harris County Medical Examiner's Office on June 27, 1988 and obtained the blood by submitting a form bearing the victim's name. He then carried the test tube of blood to Maurita Howarth, the forensic scientist. He identified the test tube in court. Ms. Howarth testified she used the blood sample to compare the victim's blood to that found on various items of evidence. She also identified the vial alleged to be the victim's by the label bearing the autopsy number and the victim's name.

Appellant does not contend that there was any loss of possession or tampering with the sample. He simply contends the state failed to lay the proper predicate for its admission. The state argues Ms. Howarth's opinion testimony would be admissible even if the data upon which she based her opinion is hearsay, TEX.R.CRIM.EVID. 703. The state established the customary procedures utilized by the medical examiner's office. The pathologist, the investigator, and the forensic scientist all readily identified the exhibit. We find the testimony was sufficient to establish a chain of custody. *See Mays v. State*, 726 S.W.2d 937 (Tex.Crim.App.1986); *Gilmore v. State*, 666 S.W.2d 136 (Tex.App.—Amarillo 1983, pet. ref'd). The lack of testimony from a person who removed the blood from the refrigerator and gave it to Ray goes to the weight and not the admissibility of the evidence. *Jones v. State*, 617 S.W.2d 704 (Tex.Crim.App.1981); *Beck v. State*, 651 S.W.2d 827 (Tex.App.—Houston [1st Dist.] 1983, no pet.). Point of error one is overruled.

■ Point of error two complains appellant's clothing was improperly admitted into evidence. Appellant was at the scene

the night of the offense. He was taken to the police station the next morning. At that time he was not under arrest. By that afternoon the authorities had determined that appellant was the perpetrator. The investigator and an assistant district attorney drew up the complaint and contacted the justice of the peace. While the justice was en route to sign the complaint the investigator had appellant remove his blood-splattered clothing.

Appellant states that the clothing was seized without warrant or probable cause in violation of his rights under the fourth and fourteenth amendments to the United States Constitution and TEX. CONST. art. 1, sec. 9, and that the use of the clothing at trial thus violated TEX. CODE CRIM.PROC.ANN. art. 38.23 (Vernon Supp.1990). Appellant contended at trial, and now contends, that he was not placed under arrest until after the clothing was seized. The warrantless seizure of a suspect's clothing subsequent to a legal arrest, while in custody or detention, is permissible. *Marquez v. State,* 725 S.W.2d 217 (Tex.Crim.App.1987). The search would thus be incident to arrest, *United States v. Robinson,* 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973), and the clothing admissible even though the search immediately preceded the arrest, *Stewart v. State,* 611 S.W.2d 434, 436 (Tex.Crim.App.1981).

Nevertheless, it appears from the investigators' trial testimony that appellant was indeed under arrest when his clothing was seized. There was certainly probable cause to arrest appellant. However, the arrest warrant was not obtained for another 45 minutes. Had appellant claimed at trial that the clothes were seized incident to an illegal arrest the state might have come forward with the grounds for a warrantless arrest. As it was the trial court was not called upon to find whether the search was incident to an immediately preceding illegal arrest or an immediately succeeding legal arrest.

Assuming the search was incident to an illegal arrest, we find the clothing would be admissible at trial. The complaint and warrant were obtained without reliance upon the seized clothing. Since the illegality, if any, was the lack of the warrant, after the warrant was obtained the causal relationship between the illegal arrest and subsequent evidence was severed. *Bell v. State,* 724 S.W.2d 780 (Tex.Crim.App.1986). The clothing clearly would have been legally seized upon procuring the arrest warrant. Thus, it is admissible under the rationale of inevitable discovery. *Id.* at 793; *Miller v. State,* 667 S.W.2d 773 (Tex.Crim.App.1984). Point of error two is overruled and the judgment of the trial court affirmed.

AFFIRMED.