Donald v. State 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-431-CR





GORDON DONALD,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT



NO. 40,236, HONORABLE JACK W. PRESCOTT, JUDGE



 





PER CURIAM


 A jury found appellant guilty of aggravated sexual assault. Tex. Penal Code Ann.
§22.021 (1989). After finding that appellant had been previously convicted of a felony offense,
the trial court assessed punishment at imprisonment for 99 years. Appellant brings three points
of error contesting the admission of evidence. We will affirm the judgment of conviction.

 In point of error one, appellant argues that a break in the chain of custody barred
admission of testimony about the contents and test results of a sexual-assault kit. Blake Goertz,
a technician from the Department of Public Safety's Crime Laboratory, testified that he tested a
specimen from a sexual-assault kit taken from the complainant and that his test confirmed the
presence of semen. Appellant claims that because the doctor who allegedly obtained the
specimens from the complainant did not testify to their origin, the proper predicate for admitting
Goertz' testimony was not established. 

 The assault occurred in the complainant's home early on the morning of April 15,
1991. The complainant testified that one-half hour after appellant left, the police arrived and that
an officer took her to the hospital. At the hospital, a doctor examined her and took specimens of
body fluids. 

 Officer Holloway testified that he went to the complainant's house on April 15 to
investigate the assault and that he took the complainant to the hospital. Once there, the
complainant was escorted into the emergency room, where a doctor performed the sexual-assault
examination. Holloway waited outside the room during the examination; afterward, the doctor
gave him the sexual-assault kit. Holloway marked the kit with identifying numbers, the time and
date, and his initials. 

 Appellant does not complain of any break in the chain of custody from Officer
Holloway to Blake Goertz. 

 An object offered in evidence should not be rejected merely because it is not
positively identified. Jones v. State, 617 S.W.2d 704 (Tex. Crim. App. 1981). The
complainant's testimony that the doctor took specimens from her, plus Officer Holloway's
testimony that he took the complainant to the hospital, waited outside the room in which the
doctor examined her, and received the sexual-assault kit from the doctor, is sufficient to support
a finding that the contents of the kit were obtained from the complainant. Tex. R. Crim. Evid.
Ann. 901 (Pamph. 1992); see, e.g., Earnest v. State, 791 S.W.2d 654 (Tex. App. 1990, no pet.)
(chain of custody established despite lack of testimony from person who took blood sample from
medical examiner's refrigerator and gave it to police officer). Appellant's objection affected the
weight rather than the admissiblity of the evidence. Jones, 617 S.W.2d at 705; Earnest, 791
S.W.2d at 655. We overrule point one.

 In point of error two, appellant argues that testimony about his actions when
arrested was irrelevant to the offense and prejudiced him. The State is generally entitled to show
the circumstances surrounding an arrest. Maddox v. State, 682 S.W.2d 563 (Tex. Crim. App.
1985); Jones v. State, 471 S.W.2d 413 (Tex. Crim. App. 1971). Evidence that is inherently
prejudicial and has no relevance to any issue in the case, however, is inadmissible. Hernandez
v. State, 484 S.W.2d 754 (Tex. Crim. App. 1972). We determine only whether the trial court
clearly abused its discretion in admitting the evidence. Id. at 755.

 At trial, the complainant described the person who assaulted her as a black male
about six feet tall, weighing 180 pounds and wearing nothing but a hood-like object around his
head. The hood was black and resembled the hood on a sweatshirt; it extended to the top of his
shoulders, but did not cover his face. 

 Police Officer Chapman testified that after the complainant reported the assault,
officers began to search for a person in her neighborhood fitting the attacker's description. At
4:30 a.m. on April 24, 1991, Chapman was in uniform patrolling the area on foot. He was about
one block from the street on which the complainant lived when he saw a person run. After
receiving a radio communication from another officer in the area, Chapman began to look for a
black male wearing black clothes, white tennis shoes, and a shirt over his head like a hood that
was pushed up over the eyebrows and hung below the ears and across the back of the neck.

 Chapman spotted a person fitting this description crouched down between a car and
a house. The man crept forward, peering through the car windows, and emerged a few steps from
behind the car. When a police car drove by, the man darted back behind the vehicle, then again
crouched down and tried to move out into the open. 

 Chapman shone his flashlight on the man and drew his weapon. The man started
to run, but Chapman stopped him by yelling, "Freeze, police." When the man acted as if he
would run away, Chapman ordered him to lie on the ground. The person was a black male,
dressed in white tennis shoes, black pants, and a dark shirt; he also wore a camouflage shirt over
his head as a hood, hanging down around both sides of his neck and across his back. At trial,
Chapman identified the man he arrested as appellant.

 Flight is a circumstance from which guilt may be inferred, and it is admissible
even though it may show the commission of other crimes. Cantrell v. State, 731 S.W.2d 84, 92
(Tex. Crim. App. 1987). Evidence that appellant hid from a passing police car and offered some
resistance to Chapman's order to stop relates to appellant's guilt and is admissible. Chapman's
testimony that he observed appellant in the neighborhood where the assault had occurred and that
appellant wore a hood-like object similar to that described by the complainant was relevant to the
issue of identity. The trial court did not abuse its discretion in determining that the evidence was
relevant and not inherently prejudicial. We overrule point two.

 In point of error three, appellant challenges the admission of six photographs taken
at his arrest. Five of the pictures showed appellant with a camouflage material worn over his head
and draped around the sides of his head, falling past his shoulders; the sixth showed appellant
without the head covering. Appellant objected at trial that the photographs were irrelevant and
prejudicial. Appellant did not object that the photos bolstered the complainant's in-court
identification, thus waiving that argument on appeal. Tex. R. Crim. Evid. Ann. 103(a) (Pamph.
1992); Tex. R. App. P. Ann. 52(a) (Pamph. 1992). 

 As stated above, Officer Chapman testified that police were looking for a man in
the complainant's neighborhood who fit the description she had given. Evidence of appellant's
head covering when arrested helped show that appellant matched the complainant's description
and tended to prove appellant's identity as the perpetrator of the offense. Because the trial court
properly admitted the evidence, we overrule point three.

 We affirm the judgment of conviction.


[Before Justices Powers, Jones and Kidd]

Affirmed

Filed: April 15, 1992

[Do Not Publish]