**Billy Otto POWER, Appellant,**

v.

**Robert Michael CHAPMAN and Brad Morin, Appellees.**

No. 06–98–00103–CV.

Court of Appeals of Texas, Texarkana.

Argued April 22, 1999.

Decided May 28, 1999.

Robert W. Lee, Tyler, for appellant.

W.F. Palmer, Palmer Law Firm, Marshall, for Robert Chapman.

John L. Price, Fairchild Price Thomas et al., Matthew Dance Mettauer, Center, for Brad Morin.

Before CORNELIUS, C.J., ROSS, and CHADICK, JJ., T.C. CHADICK, Justice, Supreme Court of Texas, Retired, Sitting by Assignment.

## OPINION

Opinion by Justice ROSS.

This is an appeal of a summary judgment denying appellant's petition to set

aside an order admitting a will to probate as a muniment of title.

Billy Otto Power married Bonnye Chapman in February 1976. Prior to the marriage, the two entered into a prenuptial agreement which stated:

> [E]ach party to this agreement does declare and agree that properties [on attached exhibits] are the respective parties [sic] separate property, and each does hereby expressly reserve unto herself and himself the entire and complete administration and control of such separate properties;
>
> . . . .
>
> It is agreed and understood that all of the property and property rights which each of these parties now have shall past [sic] to her or his heirs at law, devisees or legatees in precisely the same manner and with the same manner and with the same effect as though no marriage were [sic] ever consummated, . . . .

Bonnye Chapman died on May 19, 1991. Robert Michael Chapman, the decedent's son from a previous marriage, delivered a copy of his mother's will to Brad Morin, his mother's attorney, on May 22, 1991. The will predated the decedent's marriage to Power and left all of her property to her son.

On May 23, 1991, following the burial of the decedent, Power and Chapman visited Morin at his office. At this meeting, Power contends that he was told he had no rights in the estate of the decedent.

Following this meeting, Power and Chapman went to the Harrison county courthouse and filed an application to have the will probated as a muniment of title. An order admitting the will to probate as a muniment of title was rendered on June 13, 1991, by the county court at law. Although the will named Chapman as the independent executor, Chapman never filed letters testamentary and never qualified as the independent executor.

Power lived in the home he had shared with the decedent, which was her separate property, until he remarried in March 1992.

Power contends that he discovered that he had some rights in the property of the decedent in January 1993, when he spoke with another attorney regarding the preparation of wills for himself and his new wife.

On June 16, 1994, Power filed a petition for an equitable bill of review, an application to set aside the order probating the will as a muniment of title, and a petition for conversion. This action was filed in the Harrison County Court at Law. In these documents, Power alleged that the will was admitted to probate as a muniment of title without notice to him and that he did not receive notice of probate action until June 18, 1992. Power contended that, due to the improper order admitting the will to probate (improper because he did not receive notice), he was denied his community property rights and his homestead rights. Power argued that he did not realize that his rights had been denied until January 1993. He also claimed that Chapman converted community property. Power claimed that his failure to pursue a cause of action for the denial of his rights in the property was not mixed with any fault of his own because he relied on the representations of Chapman's attorney, Morin, and on Chapman's own representations as independent executor of the estate.

Power also alleged that Chapman breached his fiduciary duty to the estate, and asserted claims for fraud and conversion against Chapman. Power asked for $208,418 in damages plus one half of all other community property not identified in the prenuptial agreement. Lastly, Power asserted a claim of intentional infliction of emotional distress against Chapman.

The trial court granted the equitable bill of review and set the case for trial. Chapman and Morin then filed a summary judgment motion contending that: (1) if the bill of review sought by Power was of the type

listed in Section 31 of the Probate Code, then the statute of limitations had run; (2) if Power was asserting an equitable bill of review, he failed to show that his failure to pursue a legal remedy (e.g., a Section 31 bill of review) was unmixed with his own negligence and he failed to show that he was prevented from asserting a meritorious defense by extrinsic fraud; (3) Power's claim that he was not personally served in the probate action provides no basis for bill of review because personal service is not required; (4) the county court at law of Harrison County lacked subject matter jurisdiction because the amount in controversy exceeded $100,000; (5) the county court at law could not impose a constructive trust; (6) an action for fraud would not lie because Chapman and Morin were not fiduciaries to Power, nor did they possess special knowledge, and Power failed to allege that any misrepresentations were made with knowledge of their falsity or that Chapman and Morin intended for Power to rely on their statements to his detriment; (7) the conduct of Chapman and Morin did not amount to extreme and outrageous conduct such that it would support a claim for intentional infliction of emotional distress; (8) Power's cause of action against Chapman for an accounting and distribution fails because Chapman never qualified as the independent executor of the estate; (9) Chapman and Morin did not intentionally interfere with inheritance rights (if such a cause of action exists in Texas) because they never induced the testator to make or alter her will to prevent Power from inheriting and did not cause the will to be forged, altered, or suppressed; and (10) the cause of action for a constructive trust was barred by the statute of limitations and by the prenuptial agreement.

The trial court granted summary judgment in favor of Chapman and Morin on all claims which invoked the court's original jurisdiction under the Probate Code and dismissed the remaining claims for lack of subject matter jurisdiction.

Power now brings this appeal asserting four points of error.

■ In the first two points, Power contends the trial court erred in granting the motion for summary judgment on the grounds that Section 31 of the Probate Code is the exclusive remedy for setting aside an order admitting a will to probate as a muniment of title and that an equitable bill of review would not lie. Although the trial court did not appear to hold that Section 31 of the Probate Code was the exclusive remedy in the present case, it did determine that a bill of review, either statutory or equitable, would not provide Power with a basis for relief.

Section 31 of the Texas Probate Code provides for a statutory bill of review. The provision reads:

> Any person interested may, by a bill of review filed in the court in which the probate proceedings were had, have any decision, order, or judgment rendered by the court, or by the judge thereof, revised and corrected on showing error therein; but no process or action under such decision, order or judgment shall be stayed except by writ of injunction, and no bill of review shall be filed after two years have elapsed from the date of such decision, order, or judgment.

Tex. Prob.Code Ann. § 31 (Vernon Supp. 1999). In the present case, the order which probated the will as a muniment of title was signed on June 13, 1991. Power contends he learned that he had been denied certain rights in the property when he visited an attorney on January 23, 1993. Power filed a petition seeking to set aside the order on June 16, 1994, well outside the two-year limitations period provided in Section 31. Therefore, he could not gain relief under this section.

■ An equitable bill of review is a proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal. *Transworld Fin. Servs. Corp. v. Briscoe*, 722 S.W.2d 407,

407 (Tex.1987); *Baker v. Goldsmith,* 582 S.W.2d 404, 406 (Tex.1979); *see Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996, 998 (1950). To set aside a judgment by bill of review, "petitioner must ordinarily plead and prove (1) a meritorious defense to the cause of action alleged to support the judgment, (2) that he was prevented from making by the fraud, accident or wrongful act of his opponent, (3) unmixed with any fault or negligence of his own." *Transworld,* 722 S.W.2d at 408; *accord Baker,* 582 S.W.2d at 406–07; *Alexander,* 226 S.W.2d at 998.

Power claims that Chapman and Morin committed extrinsic fraud on him by telling him that he had no interest in the home or property of his deceased wife. Power also contends that the discovery rule applies to this case because he did not discover that what he had been told with regard to his rights in the decedent's property was not true until he spoke with another attorney in January 1993.

■ A bill of review will not lie if the party seeking the bill of review failed to pursue legal remedies which were available to him. If a party has legal remedies available but ignores them, the equitable remedy of a bill of review will not later intervene. *Lawrence v. Lawrence,* 911 S.W.2d 443, 448 (Tex.App.-Texarkana 1995, writ denied).

In this case, the decedent's will was admitted as a muniment of title on June 13, 1991. Assuming that Power did not discover that he had rights in the decedent's estate until January 1993, he still had an opportunity to pursue an action by a legal remedy, a statutory bill of review as found in Section 31 of the Probate Code, until June 14, 1993. Power failed to bring any action until June 16, 1994.

Power argues that he brought suit within two years of discovering that he had been defrauded by the appellees. At the time Power filed suit, limitations had run on a statutory bill of review and he was not entitled to an equitable bill of review

because he failed to pursue his legal remedies. The first and second points of error are overruled.

■ In the third point of error, Power contends that the trial court erred in granting the motion for summary judgment because the prenuptial agreement prevented him from asserting his claim to homestead and other rights. It is unclear from the reading of the motion for summary judgment that this claim was contained in the motion and provided a basis for the relief granted.

Nevertheless, Power argues that he did not waive his right to homestead property and that he moved from the home he had shared with the decedent only at Chapman's insistence when Power remarried. Power contends that *Hunter v. Clark* controls. 687 S.W.2d 811 (Tex.App.-San Antonio 1985, no writ). In *Hunter,* the court of appeals found a prenuptial agreement to be inadequate to waive homestead rights. The court failed to find an intent in the agreement that the property enumerated remain "free from any claim," including homestead rights, of either of the respective parties. *Hunter,* 687 S.W.2d at 816.

The language in the prenuptial agreement involved here also fails to explicitly state that the property is to be free from any claim of the other spouse. However, Power moved out of the house in March 1992 when he remarried. Before marrying, Power asked Chapman if he could remain in the house, and Chapman stated that he could not have another woman in the house. Power did not protest Chapman's wishes and did not bring any claims regarding the deprivation of homestead rights until June 1994. Based on the circumstances, the trial court could have found that Power abandoned his homestead rights when he voluntarily moved out of the home following his remarriage. The third point of error is overruled.

■ In his last point, Power contends the trial court erred in dismissing the claims for accounting and distribution, in-

tentional interference with inheritance rights, constructive trust, and intentional infliction of emotional distress when the trial court deemed that it did not have jurisdiction to hear these claims. Power contends that all of these claims arise from the actions of Chapman on June 18, 1992, when he took possession of the assets of the community. Power claims that, although Chapman never qualified as the administrator of the estate, Chapman still owed him a fiduciary duty. In a muniment of title situation, as a matter of law, there is no fiduciary relationship and a claim for a breach of that relationship fails. *See Whitaker v. Huffaker*, 790 S.W.2d 761 (Tex.App.-El Paso 1990, writ denied).

Furthermore, TEX. GOV'T CODE ANN. § 25.0003 (Vernon 1988 & Supp.1999) limits jurisdiction of the county court at law to $100,000. The remaining relief sought by Power sounded exclusively in tort and exceeded the jurisdictional limits of the county court at law. All matters related to the estate were final and concluded. Power asked the court to readdress the propriety of the muniment of title in his bill of review. The trial court refused to address the probate matters again when it granted the summary judgment denying the bill of review. The trial court properly dismissed the remaining claims made by Power. This point of error is overruled.

The judgment of the trial court is affirmed.

GRANT, J., not participating.