In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-05-00037-CV


______________________________





IN RE: ESTATE OF KATIE KUYKENDALL, DECEASED






 


On Appeal from the County Court at Law


Rusk County, Texas


Trial Court No. 2001-060-P




 



Before Morriss, C.J., Carter and Cornelius,* JJ.


Opinion by Justice Cornelius



________________________

*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment


O P I N I O N



 Several heirs of Katie Kuykendall, deceased (Plaintiffs), brought this action against their
fellow heir, Harold Kuykendall (Defendant), seeking to set aside Katie's will previously admitted
to probate as a muniment of title; for a declaratory judgment; and to recover damages for fraud and
conspiracy to dissipate assets of the estate, and for interference with Plaintiffs' inheritance rights. 
After a jury trial, the trial court instructed a verdict against Plaintiffs and refused Defendant's request
for attorney's fees. We affirm the trial court's judgment in all respects.

 Katie died March 27, 2001. She had executed a will in 1983 that made several specific
devises and bequests to the children who had been born to her and her late husband, Jim Kuykendall,
who predeceased her in 1967. Jim had been married once before his marriage to Katie, and brought
two children to his second marriage: a son, John Doyle Kuykendall, and a daughter, Alice Mozelle
Henry. Harold, son of Jim and Katie, was named as independent executor in Katie's will. Rather
than offering Katie's will for general probate, however, Harold offered her will for probate as a
muniment of title, and the Rusk County Court at Law admitted the will to probate for that limited
purpose. In February 2002, Cheryl Martin, acting as next friend for her mother, Alice Mozelle
Henry; Kay Gibbs, and Ann Young, daughters of John Doyle Kuykendall; and Kristi Coile,
granddaughter of Mary Reed, who was one of five children born to Jim and Katie, filed an
application to set aside the will that had been admitted as a muniment of title. Plaintiffs petitioned
the trial court not only to set aside the will admitted as a muniment of title, but also to admit to
probate a joint and mutual will executed by Jim and Katie in 1954, which Plaintiffs alleged was
contractual, and to impose a constructive trust on all assets of Katie's estate. The suit also alleged
that Harold and his sisters, Jane, Linda, and Kathryn, conspired to defraud Plaintiffs of their rightful
shares of the estates. Additionally, the suit requested a declaratory judgment that the 1954 joint and
mutual will was contractual. (1)

 Following a three-day trial, the trial court granted Defendant's motion for an instructed
verdict, finding that Gibbs and Young lacked standing to sue because they had no interest in Katie's
estate; there were no pleadings to support an action for constructive trust or tortious interference with
inheritance rights; and there was no evidence to support a judgment for Plaintiffs. The trial court
also denied the Defendant's request for attorney's fees under the Declaratory Judgments Act. Both
sides appealed, Plaintiffs from the instructed verdict finding lack of standing, lack of pleadings, and
lack of evidence; and Defendant from the denial of attorney's fees.

 Because the appeal of Plaintiffs goes more to the actual merits of the case, we first consider
their appeal. And because we conclude that the trial court correctly found Plaintiffs produced no
evidence of the essential elements of their causes of action, we find it unnecessary to address their
points of error regarding standing and pleadings.

 We begin with Plaintiffs' third point of error complaining of the trial court's ruling there was
no evidence of reliance, fraud, or tortious interference with inheritance rights. A trial court properly
grants a motion for instructed verdict if there is no evidence of probative force raising fact questions
on the material issues involved in the case. Collora v. Navarro, 574 S.W.2d 65, 68 (Tex. 1978). 
In reviewing the trial court's ruling, we must consider all the evidence in the light most favorable to
Plaintiffs. Id. If reasonable minds may differ as to the truth of controlling facts, an instructed verdict
is improper. Id.; see also Cotten v. Weatherford Bancshares, Inc., 187 S.W.3d 687, 696 (Tex.
App.--Fort Worth 2006, pet. denied); Rogers v. Ricane Enters., Inc., 930 S.W.2d 157, 177 (Tex.
App.--Amarillo 1996, writ denied).

 Plaintiffs' pleadings alleged a cause of action for conspiracy, but Plaintiffs have waived that
issue on appeal. (2) To sustain a cause of action for actual fraud, the plaintiffs must prove (1) the
defendant made a material representation that was false; (2) the defendant knew the representation
was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) the
defendant intended to induce plaintiffs to act on the representation; and (4) plaintiffs actually and
justifiably relied on the representation and thereby suffered damages. Ernst & Young, L.L.P. v. Pac.
Mut. Life Ins. Co., 51 S.W.3d 573 (Tex. 2001). Common-law fraud includes both actual and
constructive fraud. Chien v. Chen, 759 S.W.2d 484, 494-95 (Tex. App.--Austin 1988, no writ).

 In traditional or actual fraud, there must be an intentional breach of some duty. In
constructive fraud, however, the actor's intent is irrelevant. Sprick v. Sprick, 25 S.W.3d 7, 15 (Tex.
App.--El Paso 1999, pet. denied). Constructive fraud "encompasses those breaches that the law
condemns as 'fraudulent' merely because they tend to deceive others, violate confidences, or cause
injury to public interests, the actor's mental state being immaterial." Chien v. Chen, 759 S.W.2d at
495 (citing Archer v. Griffith, 390 S.W.2d 735 (Tex. 1965)). Constructive fraud may occur where
one violates a fiduciary duty, but Harold had no fiduciary duty to Plaintiffs. He was named as
independent executor in Katie's will, but he probated the will only as a muniment of title. He never
sought or obtained letters testamentary, and he was never appointed as an estate representative. In
a muniment of title situation, as a matter of law, there is no fiduciary duty, and a claim for a breach
of that relationship fails. Power v. Chapman, 994 S.W.2d 331, 336 (Tex. App.--Texarkana 1999,
no pet.).

 Constructive fraud may also consist of a breach of a confidential relationship, which may
arise where one person trusts and relies on another, whether the relationship is moral, social, familial,
or merely a personal one. Crim Truck & Tractor Co. v. Navistar Int'l Transp. Corp., 823 S.W.2d
591, 594 (Tex. 1992). However, such a relationship is an extraordinary one and will not be lightly
created. The mere fact that one subjectively trusts another does not, alone, indicate that confidence
is placed in another in the sense of a fiduciary duty. Some such relationship prior to and apart from
the transaction at issue between the parties is required.  Pinnacle Data Servs., Inc. v. Gillen, 104
S.W.3d 188, 198 (Tex. App.--Texarkana 2003, no pet.); Hoggett v. Brown, 971 S.W.2d 472, 478
(Tex. App.--Houston [14th Dist.] 1997, writ denied); Kline v. O'Quinn, 874 S.W.2d 776 (Tex.
App.--Houston [14th Dist.] 1994, writ denied); Stephanz v. Laird, 846 S.W.2d 895 (Tex.
App.--Houston [1st Dist.] 1993, writ denied). Plaintiffs presented no evidence of this kind of
confidential relationship between any of them and Harold. Jane Clements testified she loved and
trusted Harold, but she was not a plaintiff. Kay Gibbs testified that she knew Harold as the overseer
of the family and that she had a lot of faith and trust in him. Ann Young testified she thought Harold
had defrauded Kristi by taking Kristi's royalty interest in the oil and gas bequest, and Ann did not
think Harold had probated Katie's will the way Katie would have wanted. But there is no evidence
of the kind of confidential relationship between Harold and Plaintiffs that would satisfy the law's
requirements for a fiduciary duty. Moreover, Plaintiffs admitted throughout the trial that they had
suffered no economic damages, and on appeal they point us to no evidence that they incurred any
damage.

 With no evidence of any representation by Harold, much less how or if any of Plaintiffs relied
on any representations, there is no evidence of two of the elements required to prove actual fraud. 
Similarly, in the absence of any evidence of a fiduciary or confidential relationship, Plaintiffs failed
to produce any evidence of constructive fraud. Finally, the complete absence of evidence of damages
entitled Harold to an instructed verdict.

 As for the claim of tortious interference with inheritance rights, most of the evidence at trial
concerned events before Katie's death. To the extent Plaintiffs complained of the gifts or
disbursements Harold made to other members of the family, Plaintiffs offered nothing to establish
there was anything to which they were entitled that Harold prevented them from receiving. We find
only one case in Texas recognizing a tort of tortious interference with inheritance rights. King v.
Acker, 725 S.W.2d 750 (Tex. App.--Houston [1st Dist.] 1987, no writ). Citing the Restatement
(Second) of Torts and caselaw from extra-Texas jurisdictions, the Texas First Court of Appeals held
that one who by fraud or other tortious conduct intentionally prevents another from receiving an
inheritance from a third person may be liable to the other for the loss of the inheritance. In King, the
tortfeasor was found to have offered to probate an illegitimate will and to have forged a power of
attorney and used those instruments to try to prevent rightful beneficiaries from having assets
devised or bequeathed to them in a valid will. Looking at the evidence here in the light most
favorable to Plaintiffs, there is no evidence that Harold or his sisters intentionally tried to prevent
any Plaintiff from receiving any devise or bequest in Katie's will. Indeed, there is no evidence that
Harold interfered with anyone's right to receive anything under Katie's will. The devisees and
legatees under that will received legal title to the devises and bequests provided for them in the will
when the will was admitted to probate as a muniment of title. Any cause of action Plaintiffs may
have had against Harold, even if proved, would have been for converting or diverting those devises
and bequests after they were inherited, not for interfering with the inheritance of them.

 It is unnecessary to address Plaintiffs' other points of error, as the complete lack of evidence
to support their pleaded causes of action is fatal to their recovery.

 The trial court denied Harold's request to award him attorney's fees. Harold contends on
appeal that, because there was uncontroverted evidence of his attorney's fees and he prevailed in his
defense, the trial court abused its discretion in refusing to award him attorney's fees. The Declaratory
Judgments Act provides that, in any proceeding under the Act, the court may award costs and
reasonable and necessary attorney's fees as are equitable and just. Tex. Civ. Prac. & Rem. Code
Ann. § 37.009 (Vernon 1997). The Act does not require that the trial court award attorney's fees. 
Bocquet v. Herring, 972 S.W.2d 19, 20 (Tex. 1998). The decision whether to award attorney's fees
to any party is placed in the sole discretion of the trial court. Ridge Oil Co. v. Guinn Invs., Inc., 148
S.W.3d 143, 162 (Tex. 2004); Bocquet v. Herring, 972 S.W.2d at 21. Harold provides no authority
for his assertion that, where the evidence that attorney's fees were incurred is uncontroverted, the trial
court must award some attorney's fees. Indeed, the authorities make it clear that the trial court may
decide it is not equitable or just to award attorney's fees even where it is stipulated or the evidence
is uncontroverted that attorney's fees were incurred and they are reasonable and necessary. Bocquet
v. Herring, 972 S.W.2d at 21; Texstar N. Am., Inc. v. Ladd Petroleum Corp., 809 S.W.2d 671 (Tex.
App.--Corpus Christi 1991, writ denied); Carr v. Bell Sav. & Loan Ass'n, 786 S.W.2d 761 (Tex.
App.--Texarkana 1990, writ denied). The trial court's decision whether to award attorney's fees in
a declaratory judgment case depends on the court's conclusion whether it is just and equitable to do
so under all the circumstances of the case, not on the quantum of proof as to the amount incurred or
the reasonableness and necessity of such fees.

 For the reasons stated, we affirm the judgment of the trial court.



 William J. Cornelius

 Justice*


*Chief Justice, Retired, Sitting by Assignment


Date Submitted: October 4, 2006 

Date Decided: November 2, 2006



1. In a summary judgment proceeding shortly before this action came to trial, the trial court
granted Harold's motion for a no-evidence summary judgment on the issue of whether the 1954 will
was contractual, effectively ending litigation concerning the 1954 will.
2. Plaintiffs offered no argument, authority, or analysis on appeal regarding the trial court's
ruling on conspiracy. The Texas Rules of Appellate Procedure require an appellant's brief to contain
a clear and concise argument for the contentions made, with appropriate citations to authorities and
to the record. Tex. R. App. P. 38.1(h); Decker v. Dunbar, No. 06-06-00033-CV, 2006 Tex. App.
LEXIS 7187 (Tex. App.--Texarkana Aug. 16, 2006, no pet. h.); Green v. Kaposta, 152 S.W.3d 839,
841 (Tex. App.--Dallas 2005, no pet.). We overrule Plaintiffs' fourth point of error regarding no
evidence of conspiracy as inadequately briefed.