In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00114-CR


______________________________




HOWARD WEATHERALL, JR., Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 354th Judicial District Court


Hunt County, Texas


Trial Court No. 25250




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 A jury found Howard Weatherall, Jr., guilty of aggravated assault with a deadly weapon and
unlawful possession of a firearm. Weatherall pled true to several previous felony convictions, his
sentence was enhanced, and the trial court imposed forty years of imprisonment in the Texas
Department of Criminal Justice--Institutional Division. On appeal of two cause numbers briefed
together, Weatherall alleges the trial court erred in failing to submit the issue of self-defense to the
jury, and claims his counsel was ineffective in failing to request a jury instruction on the defense of
necessity. (1)

 We addressed Weatherall's points of error in detail in our opinion of this date in cause
number 06-09-00095-CR. For the reasons stated therein, we affirm the trial court's judgment. 


 Jack Carter

 Justice


Date Submitted: October 5, 2009

Date Decided: October 20, 2009


Do Not Publish
1. Weatherall appeals from two convictions, one for aggravated assault with a deadly weapon,
and another for unlawful possession of a firearm, cause numbers 06-09-00095-CR and 06-09-00114-CR. 



style="text-align: justify; line-height: 0.416667in">            As this Court explained in Arteaga v. Jackson,
Historically, a district court's minimum amount in controversy was $500.00, as set
out by Article 1906 of the Texas Revised Civil Statutes. This statutory provision was
omitted when Article 1906 was codified into the Government Code, because it
duplicated the constitution's jurisdictional grant. Tex. Gov't Code Ann. § 24.007
revisor's note (Vernon 1988). The district court's constitutional
minimum-amount-in-controversy jurisdiction was deleted as a part of the 1985
amendment of Tex. Const. art. V, § 8. As a result of this deletion, the district
court's minimum-amount-in-controversy jurisdiction was reduced from $500.00 to
$200.01. Tex. Const. art. V, § 19 provides: "Justice of the peace courts shall have
. . . exclusive jurisdiction in civil matters where the amount in controversy is two
hundred dollars or less . . . ."
 
Arteaga states in his petition that he was damaged in the amount of $200.00. This
is not within the jurisdictional ambit of a state district court. When a plaintiff
specifically pleads an amount below the jurisdiction of the district court, he has
effectively pleaded himself out of court. See Peek v. Equipment Serv. Co. of San
Antonio, 779 S.W.2d 802, 804 (Tex. 1989).

994 S.W.2d 342, 342–43 (Tex. App.—Texarkana 1999, pet. denied) (footnotes omitted).

            In the case now before us, Kleven sought damages of less than $200.00. This amount does
not satisfy the minimum requirement to invoke the subject-matter jurisdiction of a district court. See
Tex. Const. art. V, § 19. The trial court properly found it lacked subject-matter jurisdiction over
Kleven's primary cause of action.
            Kleven's lawsuit, however, also sought declaratory relief. A request for declaratory relief
alone is insufficient to establish jurisdiction in a trial court. Chenault v. Phillips, 914 S.W.2d 140,
141 (Tex. 1996). The Texas Uniform Declaratory Judgments Act is merely "a procedural device for
deciding cases already within a court's jurisdiction." State v. Morales, 869 S.W.2d 941, 947 (Tex.
1994). 
            In this case, the trial court's jurisdiction over Kleven's declaratory judgment claims was
limited by its jurisdiction over Kleven's primary claim for damages under the misappropriation cause
of action. When the trial court lacked subject-matter jurisdiction over the primary claim, it could
not exercise jurisdiction to consider Kleven's secondary issues. Cf. Chenault, 914 S.W.2d at 141–42
(Texas Supreme Court lacked original jurisdiction to consider challenge to attorney occupation tax);
Power v. Chapman, 994 S.W.2d 331 (Tex. App.—Texarkana 1999, no pet.) (county court at law
properly dismissed remaining claims that exceeded court's $100,000.00 jurisdictional limit); and
Kadish v. Pennington Assoc., L.P., 948 S.W.2d 301, 304 (Tex. App.—Houston [1st Dist.] 1995, no
writ) (trial court had jurisdiction over declaratory judgment claim because plaintiff brought
additional claim that satisfied the amount in controversy requirement necessary to invoke the district
court's jurisdiction). Accordingly, the trial court properly dismissed Kleven's suit for want of
jurisdiction.
            Because the jurisdictional issue is dispositive of Kleven's appeal, we need not consider his
remaining points of error. We affirm the trial court's judgment.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          March 22, 2004
Date Decided:             March 23, 2004