**David CAMPOS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 58085.**

Court of Criminal Appeals of Texas, Panel No. 2.

June 27, 1979.

Rehearing En Banc Denied Sept. 19, 1979.

Anthony F. Constant, court appointed on appeal only, Corpus Christi, for appellant.

William B. Mobley, Jr., Dist. Atty. and Eric Brown, Asst. Dist. Atty., Corpus Christi, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, TOM G. DAVIS and DALLY, JJ.

### OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for aggravated robbery. V.T.C.A. Penal Code, Sec. 29.03. After the jury found appellant guilty, the court assessed punishment at 25 years.

Appellant and two other parties robbed an employee of Feudo's Foodtown in Corpus Christi at gunpoint on July 17, 1976. Two witnesses identified appellant as one of the robbers. An alibi defense was presented through appellant's witnesses. Appellant did not testify in his own behalf.

In his first ground of error, appellant contends that the trial court erred in overruling his objection to an alleged comment during voir dire of the jury panel by the prosecutor on appellant's failure to testify. The record reflects that prior to the incident in question, appellant's counsel made the following statement in a question to a prospective juror:

"BY MR. HUNTER (Defense Counsel):

"Q. Certainly, I think you would agree I'm not on trial today, Mr. David Campos is, and certainly Mr. Campos will either decide to testify or not, but that decision will be mine, based on certain things that may occur in the trial, and based on that alone, it will be my decision primarily as defense counsel, and all I ask is that you don't hold that against Mr. Campos, because he has a right not to testify under the United States Constitution and the Texas Constitution. That is a right which he has. Do you have any problems with that, sir?

"A. No, sir."

Thereafter, the prosecutor made the following comment which gives rise to appellant's complaint:

"BY MR. MORRIS (Prosecutor):

"Q. Mr. Burns, a moment ago, Mr. Hunter said if his client did not take the stand it would be solely Mr. Hunter's decision and that it would be based on things that occurred solely during the trial. You understand what Mr. Hunter is saying is not necessarily what he's actually motivated by. We may never learn why he didn't want him to take the stand.

"MR. HUNTER: Your Honor, I'm going to object. That's improper questioning.

"MR. MORRIS: Your Honor, I just followed up on Defense Counsel's opening.

"THE COURT: I feel like it was invited by your questioning.

"MR. HUNTER: Note my exception, Your Honor."

Before an argument of the prosecution will constitute a comment on the failure of the accused to testify, the language used must be looked to from the standpoint of the jury, and the implication that the language used had reference to the accused must be a necessary one. *Pollard v. State*, Tex.Cr.App., 552 S.W.2d 475. As noted above, the complained of statement was made during voir dire. Appellant's counsel had informed the venire panel that he and his client would decide whether appellant would testify based on occurrences during the trial. Therefore, State's counsel had no way of knowing whether appellant would testify. We have previously held that such a statement does not constitute error in voir dire and cannot be taken at that time as a comment on a subsequent failure of appellant to testify. See, *McCary v. State*, Tex.Cr.App., 477 S.W.2d 624; *Hill v. State*, Tex.Cr.App., 480 S.W.2d 670; *Myers v. State*, Tex.Cr.App., 527 S.W.2d 307; and *Jackson v. State*, Tex.Cr.App., 536 S.W.2d 371. We find no error in the complained of statement. The ground of error is overruled.

In his second ground of error, appellant contends that the prosecutor commented on appellant's right not to testify in the form of an objection during the voir dire. The complained of objection occurred

during the questioning of a prospective juror by defense counsel:

"Q. (Mr. Hunter, Defense Counsel) I just want you to understand that the Fifth Amendment is a guarantee against his not testifying.

"A. Yes.

"Q. And you wouldn't hold that against him, would you?

"MR. MORRIS (Prosecutor): Objection, Your Honor. The jury is entitled to hold anything against him if they feel he is hiding something, that's proper.

"THE COURT: Overrule the objection.

"MR. HUNTER: No further questions."

There was no objection made by appellant to this alleged comment. Therefore, nothing is preserved for review. See, *Sloan v. State*, Tex.Cr.App., 515 S.W.2d 913 and *Beal v. State*, Tex.Cr.App., 520 S.W.2d 907.

■ In his third ground of error, appellant maintains that the court's charge to the jury was fundamentally erroneous. The indictment alleges that appellant "intentionally *and* knowingly threaten(ed) Jimmy Tice with imminent bodily injury and death and intentionally *and* knowingly place(d) Jimmy Tice in fear of imminent bodily injury and death." When the trial court abstractly defined aggravated robbery, it charged the jury to find appellant guilty if they found that appellant "intentionally *or* knowingly place(d) another in fear of imminent bodily injury or death." However, when the facts were applied to the law in the court's charge, the court followed the allegations of the indictment and charged "intentionally *and* knowingly." Appellant contends that the use of the disjunctive "or" rather than the conjunctive "and" in the court's charge rendered the charge fundamentally erroneous. Appellant did not object to the charge in the trial court.

This Court has previously decided this question adverse to appellant in *Mott v. State*, Tex.Cr.App., 543 S.W.2d 623 and

*Moreno v. State*, Tex.Cr.App., 541 S.W.2d 170. Appellant's third ground of error is overruled.

In his fourth ground of error, appellant contends that the trial court erred in not granting his motion for mistrial when evidence of an extraneous arrest was introduced by the prosecution. The complained of testimony arose during cross-examination of appellant's brother by the prosecutor:

"Q. (Prosecutor) Where was your brother during this same period of time? You say he was arrested on July 22nd. Where was he put in jail?

"A. He was placed here in Corpus Christi County Jail.

"Q. And when did he get out?

"A. He got out sometime in September, I'm not sure.

"Q. Would September 3rd be close? September 3, 1976?

"A. If that's the date recorded here in the courthouse, correct.

"Q. Now did he get thrown back in jail after September?

"A. Correct.

"Q. When was that?

"MR. BONILLA (Defense Counsel): If the Court please, I'm going to object to this line of questioning. . . ."[1]

There was no testimony as to why appellant was rearrested in December. The trial court sustained appellant's objection and instructed the jury to disregard the question concerning appellant having been thrown back in jail; however, appellant's motion for mistrial was denied.

■ An accused is entitled to be tried on the accusation in the State's pleadings and he should not be tried for some collateral crime or for being a criminal generally. *Jones v. State*, Tex.Cr.App., 568 S.W.2d 847. This rule extends not only to extraneous offenses, but also to evidence of an extrane-

---

1. At a conference at the bench appellant made clear that the basis of his objection was to the admission of an extraneous offense.

ous arrest. *Rodriguez v. State*, 170 Tex. Cr.R. 295, 340 S.W.2d 61.

It has been stated that an error in the admission of improper testimony is cured by the trial court's instruction to the jury to disregard, except in extreme cases where it appears that the question or evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds. *Evans v. State*, Tex.Cr.App., 542 S.W.2d 139. Thus, testimony referring to or implying extraneous offenses allegedly committed by the defendant may be rendered harmless by the trial court's instruction to disregard. *Beam v. State*, Tex.Cr.App., 500 S.W.2d 802; *Boykin v. State*, Tex.Cr.App., 504 S.W.2d 855; and *Evans v. State*, supra.

Appellant's reliance on *Carroll v. State*, Tex.Cr.App., 365 S.W.2d 786 and *Powell v. State*, Tex.Cr.App., 478 S.W.2d 95, is misplaced. In both cases, evidence of an extraneous offense was admitted over objection. In the instant case, the trial court promptly sustained the objection and instructed the jury to disregard any evidence concerning appellant's extraneous arrest.

We find that the trial court's action in sustaining the objection and instructing the jury cured the error concerning appellant's extraneous arrest. The ground of error is overruled.

In his fifth ground of error, appellant contends that the trial court erred in admitting into evidence a prior written statement of appellant's brother Daniel Campos. He had been called as a witness by appellant. Daniel had earlier pled guilty to this offense. He testified that the appellant had not been involved in this robbery. Appellant maintains that the statement was hearsay and inadmissible.

The statement is not included in the record before this Court. However, it appears as though the statement was a confession which had earlier been given by the witness. It appears as though the statement was introduced as a prior inconsistent statement for impeachment purposes during cross-examination of the witness. The trial court instructed the jury that the statement was only to be used for impeachment purposes and not as evidence tending to establish the guilt of appellant. See McCormick and Ray, Texas Law of Evidence, Sec. 688 (2nd Ed. 1956).

The rule of admissibility of evidence of this nature should be liberal and the trial judge should have the discretion to receive any evidence which gives promise of exposing falsehood. *Smith v. State*, Tex.Cr. App., 520 S.W.2d 383. Thus, when there is a conflict between the two expressions of the witness, the prior written statement is admissible for impeachment. *Mitchell v. State*, 156 Tex.Cr.R. 128, 239 S.W.2d 384.

On cross-examination, the witness denied having made certain assertions in his prior statement. We find that the statement was properly utilized for impeachment purposes. Appellant's fifth ground of error is overruled.

We have examined appellant's pro se brief and find same to be without merit.

The judgment is affirmed.