In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00108-CR
______________________________


ROBERT EDWARD TUTTLE, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 8th Judicial District Court
Hopkins County, Texas
Trial Court No. 0216743


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

            On January 13, 2003, the trial court sentenced Robert Edward Tuttle to life imprisonment in
accordance with the jury's verdict. Tuttle filed a motion for new trial January 16, 2003, but did not
file his notice of appeal until more than a year later, July 29, 2004. 
            A defendant must file the notice of appeal within thirty days from the date the trial court
imposes or suspends sentence unless the defendant timely files a motion for new trial, in which case
the notice of appeal must be filed within ninety days from the date the trial court imposes or
suspends sentence. Tex. R. App. P. 26.2. In this case, the record shows Tuttle did not file his notice
of appeal within ninety days of filing his motion for new trial. Accordingly, Tuttle did not timely
invoke this Court's jurisdiction. 
            We dismiss the appeal for want of jurisdiction.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice


Date Submitted:          September 1, 2004
Date Decided:             September 2, 2004

Do Not Publish




nd instructed the jury to "completely disregard
the last answer given by the witness in testifying. You will not consider that remark for any purpose
whatsoever." Later, the court overruled the motion for mistrial. 
            Clark testified that, on approaching room 221, he made contact with the occupant, Dearion. 
The officers detected an odor of burning marihuana emitting from the room, and Dearion admitted
narcotics were in the room. A search of the room revealed some suspected crack cocaine, as well
as other illegal substances. As each illegal substance was found, Dearion claimed it was his. Other
officers testified as to the search and chain of custody of the evidence. A chemist testified one of
the substances found in Dearion's possession contained cocaine in the form of cocaine base. The
cocaine substance weighed 1.22 grams. 
Motion for Mistrial
            Dearion alleges that the testimony concerning a "parole violation warrant" obviously referred
to a prior criminal conviction and that it was highly prejudicial and incurable by an instruction to
disregard. A denial of a mistrial is reviewed for an abuse of discretion. Ladd v. State, 3 S.W.3d 547,
567 (Tex. Crim. App. 1999). A trial court does not abuse its discretion when its decision is at least
within the zone of reasonable disagreement. See Montgomery v. State, 810 S.W.2d 372, 391 (Tex.
Crim. App. 1990) (op. on reh'g).
             An accused is entitled to be tried on the accusation in the State's pleading and should not be
tried for some collateral crime or for being a criminal generally. Campos v. State, 589 S.W.2d 424,
427–28 (Tex. Crim. App. [Panel Op.] 1979) (citing Jones v. State, 568 S.W.2d 847 (Tex. Crim. App.
1978)).
            In Campos, evidence was introduced as to the defendant's previous incarceration and an
instruction to disregard was given to the jury. The court held that a trial court's instruction to the jury
to disregard cured the improper admission of such evidence except in extreme cases where it
appeared the question or evidence was clearly calculated to inflame the minds of the jury and was
of such character as to suggest the impossibility of withdrawing the impression produced on their
minds. Campos, 589 S.W.2d at 428. 
            In Mathews v. State, 40 S.W.3d 179 (Tex. App.—Texarkana 2001, pet. ref'd), this Court
addressed a situation in which an expert witness interjected that the defendant had been in the
penitentiary for eight years on two different occasions. Defense counsel moved for a mistrial, but
did not request an instruction for the jury to disregard the evidence. This Court held that such an
instruction to the jury would have been adequate to cure any harm caused by such testimony. Id. at
183. 
            Improper evidence will seldom call for a mistrial because, in most cases, any harm can be
cured by an instruction to disregard. Id. (citing Ladd, 3 S.W.3d at 567). 
            Dearion argues that this case is one of those extreme cases in which the improper testimony
is inflammatory and cannot be withdrawn from the minds of the jury. We disagree. Here, some of
the first words the jury heard at trial was Dearion attempting to plead guilty to the charge of
possession of cocaine. The jury convicted Dearion of possession of cocaine, but acquitted him of
possession with intent to deliver. It appears the jury was not inflamed toward Dearion, because he
was acquitted of the only charge for which he denied guilt. Counsel for Dearion announced to the
jury in his opening statement and in final argument that Dearion admitted guilt concerning the
possession charge, but denied guilt as to the intent to deliver charge. The jury reached the decision
Dearion sought. The impact of this evidence was also reduced because the jury had previously been
advised by defense counsel in his opening statement regarding Dearion that there was "a warrant for
his arrest."
            The trial court promptly and clearly advised the jury to disregard the statement of the officer
for any purpose. We presume the jury followed this instruction and, based on the decision the jury
reached, it is logical and reasonable to conclude that the jury in fact followed the court's instruction
to disregard the evidence. The statement that a parole warrant existed likewise would not affect the
jury's consideration of punishment, because Dearion pled true to the enhancement paragraphs and
his prior convictions were properly in evidence for the jury's consideration. 
Conclusion
            We find that the circumstances of this case do not show the evidence was calculated to
inflame the minds of the jury and was not so extreme that it could not be cured by a proper
instruction. The trial court's action in instructing the jury cured any error concerning the testimony. 
The trial court did not abuse its discretion in denying the motion for mistrial. 
            We affirm the judgment of the trial court.
 


                                                                        Jack Carter
                                                                        Justice

Date Submitted:          March 19, 2004
Date Decided:             March 23, 2004

Do Not Publish