In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-273 CR


____________________



RICO DESHAWN HOLLAND, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 91949






MEMORANDUM OPINION



 A jury found Rico (1) DeShawn Holland guilty of the aggravated assault of Jerry
Sylvester. He was sentenced to twenty years in prison. In a single issue, Holland argues the
trial court erred in failing to grant a mistrial. 

 Holland contends the prosecutor "intentionally informed the jury during the guilt-innocence phase of the trial of 'other shootings' by [Holland] . . . ." He says this was
prosecutorial misconduct. The prosecutor questioned witness Brandi Williams as follows:

 Q. [Prosecutor] When you called 911, do you remember what you told them?

 A. [Brandi Williams] I told them that Jerry [Sylvester] had just been shot.

 Q. Do you remember if you told them that Rico Holland shot him?

 A. I think I did say Rico Holland shot him.

 Q. Okay. And shortly after this happened, a Beaumont police detective gave 
 you an opportunity to give a statement?

 A. Yes.

 Q. And [defense counsel] just showed you that statement where you say, 
 again, what you've been telling me the whole time, that you saw Rico 
 shoot Jerry, right?

 A. Yes.

 Q. Why did you tell that detective that?

 A. Because I did.

 Q. You did? 

 A. Yes. 

 Q. You did see that, didn't you, Brandi?

 A. Yes.

 Q. You saw it with your own eyes, didn't you?

 A. Yes.

 Q. There wasn't any obstruction to your view and you were no more than 10 
 feet away from this where it happened, weren't you?

 A. That's correct, yes.

 Q. Are you aware of other shootings that have taken place around there?

 [Defense Counsel]: Objection, Your Honor. Irrelevant.

 A. I've heard about it.

 [Defense Counsel]: Objection.

 [The Court]: Sustained.

 [Defense Counsel]: Can the jury be instructed to disregard?

 [The Court]: The jury is so instructed.

 [Defense Counsel]: Ask for a mistrial.

 [The Court]: That's denied. 

 

At trial, Holland objected to the question about "other shootings" on relevancy grounds,
asked for an instruction to disregard, and requested a mistrial. 

 On appeal, Holland asserts the trial court erred in denying his request for a mistrial. 
He contends the prosecutor elicited hearsay, extraneous offense testimony that was so
inflammatory and prejudicial that the trial court's instruction to disregard was insufficient
to cure error arising from the testimony. Holland's trial objection was on relevancy grounds,
not on extraneous offense grounds under Tex. R. Evid. 404(b), and not on more-prejudicial-than-probative grounds under Tex. R. Evid. 403. Grounds not raised at trial generally are
not considered on appeal. However, because Holland made a relevancy objection below,
obtained a ruling on his objection, and requested a mistrial, we consider whether the trial
court's instruction to disregard cured any error associated with the prosecutor's question and
the witness's answer. 

 Review of a trial court's denial of a motion for mistrial is under an abuse of discretion
standard. Simpson v. State, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003) (citing Wood v.
State, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000)). Here, the trial judge promptly instructed
the jury to disregard the State's question and Williams' answer. We think it unlikely the
question -- "Are you aware of other shootings that have taken place around there?"-- and
Williams' answer -- "I've heard about it." -- had an impact upon the jury's verdict. Six
witnesses at the scene testified during the guilt-innocence phase. Jerry Sylvester (the victim
of the shooting), Chivon Sylvester (Jerry's sister), and Brandi Williams (Chivon's
acquaintance) testified for the State. Testifying for defendant were Rosnica Mire, Joshua
Green, and Rico himself. The prosecution's three witnesses testified they saw Rico Holland
shoot Jerry Sylvester that night; the three defense witnesses testified they saw Rico Holland
at the scene that night, but Rico did not shoot Jerry. The jurors' verdict was based essentially
on credibility determinations. Whatever the prosecution's question about "other shootings
that have taken place around there" referenced, neither the question nor the answer was so
clearly prejudicial to the defendant as to preclude the jurors from following the trial court's
instruction to disregard. See Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). 

 The asking of an improper question will seldom call for a mistrial, because in most
cases an instruction to disregard will cure any harm. Russeau v. State, 171 S.W.3d 871, 885
(Tex. Crim. App. 2005) (citing Ladd, 3 S.W.3d at 567). Only in extreme circumstances,
where the prejudice is incurable, will a mistrial be required. Ladd, 3 S.W.3d at 567. Here,
the prosecutor's question is general and does not expressly state that Holland was involved
in other shootings. Similarly, Williams' answer does not necessarily implicate Holland. The
question was not so inflammatory as to be incurable by an instruction to disregard. 

 In Gardner v. State, 730 S.W.2d 675 (Tex. Crim. App. 1987), the Court explained as
follows:

 In the vast majority of cases in which . . . testimony comes in . . . which has
no relevance to any material issue in the case and carries with it some definite
potential for prejudice to the accused, this Court has relied upon what amounts
to an appellate presumption that an instruction to disregard the evidence will
be obeyed by the jury. In essence this Court puts its faith in the jury's ability,
upon instruction, consciously to recognize the potential for prejudice, and then
consciously to discount the prejudice, if any, in its deliberations. Thus we say
the harm deriving from the unresponsive answer has been "cured." This is true
"except in extreme cases where it appears that the . . . evidence is clearly
calculated to inflame the minds of the jury and is of such a character as to
suggest the impossibility of withdrawing the impression produced on their
minds." 


Id. at 696 (some citations omitted) (quoting Campos v. State, 589 S.W.2d 424, 428 (Tex.
Crim. App. 1979)). The testimony here does not fall within the exception; the instruction to
disregard "cured" any harm. The trial court did not abuse its discretion in denying Holland's
motion for mistrial. 

 Holland's issue is overruled. We affirm the trial court's judgment.

 AFFIRMED.


 ___________________________________

 DAVID GAULTNEY

 Justice


Submitted on June 28, 2006

Opinion Delivered July 26, 2006

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.

1. Holland's first name is spelled "Ricko" at various points in the record and in his
brief. We use the spelling "Rico" from the indictment and the judgment.