Affirmed and Memorandum Opinion filed April 12, 2007








Affirmed and Memorandum
Opinion filed April 12, 2007.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NOS. 14-06-00445-CR

           14-06-00446-CR

____________

 

DAVID LEE WEBB, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 174th
District Court

Harris County, Texas

Trial Court Cause No. 1036197,
1036198

 



 

M E M O R A N D U M   O P I N I O N








Appellant, David Lee Webb, appeals following his conviction
on two counts of aggravated sexual assault which resulted in an automatic
sentence of life in prison.[1] 
In his first point of error, appellant contends that the trial court erred in
denying his motion for mistrial after a witness testified that appellant had
been in prison for an extraneous offense.  In his second point of error,
appellant argues that he was denied effective assistance of counsel.  We
affirm.

I.  Analysis

In his first point of error, appellant argues that the
trial court erred in denying his motion for mistrial after a witness testified
that appellant had been in prison.  Appellant complains about the following
exchange between the prosecutor and complainant=s mother in which
complainant=s mother is providing some background information:

Q:      Did you
move out of that house?

A:      I moved to
Hope, Arkansas.

Q:      And who
did you move to Hope, Arkansas with?

A:      My mother.

Q:      Was David
[appellant] with you or no?

A:      No, he was
in prison.[2]

Appellant=s trial counsel
immediately objected and requested that the trial court instruct the jury to
disregard the statement.  The trial court sustained the objection and
instructed the jury to disregard the witness= answer.  Counsel
then moved for mistrial, which the trial court denied.  








We review the trial court=s denial of a
motion for mistrial under an abuse of discretion standard.  Hawkins v. State,
135 S.W.3d 72, 77 (Tex. Crim. App. 2004); Primes v. State, 154 S.W.3d
813, 814 (Tex. App.CFort Worth 2004, no pet.).  A mistrial is
the trial court=s remedy for improper conduct that is Aso prejudicial
that expenditure of further time and expense would be wasteful and futile.@  Hawkins,
135 S.W.3d at 77 (citing Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim.
App. 1999)).  A witness= inadvertent reference to an extraneous
offense is generally cured by a prompt instruction to disregard.  Rojas v.
State, 986 S.W.2d 241, 250 (Tex. Crim. App. 1998).  An exception exists
when the testimony is clearly calculated to inflame the minds of the jury or
was of such damning character as to suggest that it would be impossible to
reverse the harmful impression from the jurors= minds.  Id.

As support for his contention that complainant=s mother=s testimony
warrants reversal, appellant cites to Blakeney v. State, 911 S.W.2d 508
(Tex. App.CAustin 1995, no pet.).  Appellant concedes that the
jury was not instructed to disregard the evidence in that case.  See id.
at 514-17.  When the jury is instructed to disregard the extraneous
offense, such error is generally considered cured.  See Rojas, 986
S.W.2d at 250 (AA witness= inadvertent
reference to an extraneous offense is generally cured by a prompt instruction
to disregard.@).  This case more closely resembles the facts in Campos
v. State, 589 S.W.2d 424 (Tex. Crim. App. 1979).  In that case, the
prosecutor asked the witness whether the appellant was Athrown back in jail@ after being
arrested and spending time in jail for the charged offense.  Id. at
427.  The trial court sustained the appellant=s objection,
instructed the jury to disregard the statement, and denied the appellant=s motion for
mistrial.  Id.  The Court of Criminal Appeals found that Athe trial court=s action in
sustaining the objection and instructing the jury cured the error concerning
appellant=s extraneous arrest.@  Id. at
428.  








Appellant asserts that the mother=s testimony was
intentional based on (1) the trial court=s admonition,
prior to her testimony, that she should not discuss or allude to appellant=s prior
convictions and (2) the Aacrimonious relationship@ between her and
appellant.  We do not agree with appellant=s conclusion. 
Most trial lawyers would readily attest that witnesses sometimes mistakenly
deviate from carefully conveyed instructions.  Appellant does not explain why
this situation is any different.  The mother=s response that
appellant (her husband at the time in question) did not accompany her when she
relocated because he was in prison was a natural retort to the question asked. 
Although the response implicated facts that the jury was not intended to hear,
we cannot say that such a response was calculated to inflame the minds of the
jury.  See Rojas, 986 S.W.2d at 250.  In sum, we find that the
trial court=s instruction to the jury to disregard in this case
cured any error regarding appellant=s prior offense.  See
Campos, 589 S.W.2d at 428; see also Rojas, 986 S.W.2d
at 250 (finding that the trial court=s instruction to
disregard the witness= statements regarding the defendant=s Apast anger@ and Aviolence@ cured any error);
Kipp v. State, 876 S.W.2d 330, 339 (Tex. Crim. App. 1994) (finding
witness= reference to an
extraneous offense was cured by the trial court=s instructions to
disregard); Iennard v. State, 802 S.W.2d 678, 685 (Tex. Crim. App. 1990)
(finding that witness= reference to the defendant=s being Asent to the
penitentiary@ was cured by trial court=s prompt
instructions to disregard); Coe v. State, 683 S.W.2d 431, 435-36 (Tex.
Crim. App. 1984) (holding that instruction to the jury to disregard the
testimony that defendant committed Aother robberies@ cured any
error).  Therefore, the trial court did not abuse its discretion in denying
appellant=s motion for mistrial.  We overrule appellant=s first point of
error.

In appellant=s second point of
error, he contends that he was denied effective assistance of counsel when
counsel failed to prevent the introduction of an extraneous offense and failed
to object to that evidence once it was introduced.  In assessing the
effectiveness of counsel, we apply the standards set forth by the United States
Supreme Court in Strickland v. Washington, 466 U.S. 668, 687 (1984), and
adopted by Texas in Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim.
App. 1986).  In order to prove ineffective assistance of counsel, appellant
must prove that (1) counsel=s conduct fell below an objective standard
of reasonableness, and (2) there exists a reasonable probability the results
would have been different but for counsel=s deficient
performance.  Strickland, 466 U.S. at 687; Hernandez, 726 S.W.2d
at 57.  Appellant has the burden of proving his trial counsel was ineffective
by a preponderance of the evidence. Thompson v. State, 9 S.W.3d 808, 813
(Tex. Crim. App. 1999).  When reviewing a claim for ineffective assistance of
counsel, there is a strong presumption that counsel=s conduct falls
within the wide range of reasonable professional assistance.  Jackson v.
State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994) (citing Strickland, 466
U.S. at 689).








An ineffective assistance claim must be Afirmly founded in
the record,@ and the record must affirmatively demonstrate the
claim=s merit.  Goodspeed
v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).  For this reason,
direct appeal is usually an inadequate vehicle for raising ineffective
assistance.  Id.  Trial counsel should ordinarily be afforded an
opportunity to explain his actions before an appellate court may deem counsel
ineffective.  Id.  Absent such an opportunity, we will not find
deficient performance unless the challenged conduct was Aso outrageous that
no competent attorney would have engaged in it.@  Id.
(quoting Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

Appellant specifically complains about evidence the jury
heard that he had thrown his children off of the roof of a house into a
swimming pool.  Counsel never objected to this evidence; in fact, he referenced
the evidence multiple times in his closing statement  Appellant has failed to
provide an adequate record explaining counsel=s reasons behind
his conduct at trial.  In his closing argument, counsel juxtaposed appellant=s admission that
he threw the children off the roof with appellant=s denial of
sexually contacting complainant.  Perhaps counsel was attempting to show that
appellant is willing to admit when he has committed a bad act (throwing a child
off of a roof into a pool); thus, appellant was being truthful in denying that
he sexually contacted complainant.  Nothing else in the record suggests counsel=s motivation in
allowing the evidence.  As a result, the record is insufficient to determine
that counsel=s conduct was unreasonable.  We also do not find
counsel=s conduct to be so
outrageous that no competent attorney would have engaged in it.  See
Goodspeed, 187 S.W.3d at 392.  Consequently, we find that appellant has
failed to rebut the presumption that counsel acted reasonably.  See Thompson,
9 S.W.3d at 813; Green v. State, 191 S.W.3d 888, 894‑95 (Tex. App.CHouston [14th
Dist.] 2006, pet. ref=d).  We overrule appellant=s second point of
error.          

We affirm the trial court=s judgment.

 

 

/s/      Adele Hedges

Justice

 

Judgment rendered
and Memorandum Opinion filed April 12, 2007.

Panel consists of
Chief Justice Hedges and Justices Fowler and Edelman.

Do Not Publish C Tex. R. App. P. 47.2(b).    









[1]  Appellant pled true to enhancement paragraphs
alleging a prior conviction for aggravated sexual assault of a child.  Those
enhancements resulted in an automatic life sentence for conviction of
aggravated sexual assault in this case.  See Tex. Penal Code '
12.42(c)(2).





[2]  This prison term probably refers to appellant=s prior conviction for aggravated sexual assault which
was used as a sentence enhancement in this case.