In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00004-CV


______________________________




TRACY BIRCHER, Appellant



V.



MANAGEMENT TRAINING CORPORATION,


A CORPORATION, MS. FLANNAGAN, PAROLE OFFICER,

MR. TIMOTHY SCHOMP, PAROLE HEARING OFFICER, AND

DR. JOHNSON, DENTIST, Appellees



 


On Appeal from the 4th Judicial District Court


Rusk County, Texas


Trial Court No. 2008-293




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 This is an appeal filed pro se by Tracy Bircher from the trial court's order dismissing his
cause of action against defendant Management Training Corporation. 

 The order entered in this appeal, however, does not dispose of defendants
Ms. Rachel Flannagan, Mr. Timothy Schomp, or Dr. Johnson. 

 The general rule is that a final and appealable judgment must determine the entire
controversy, disposing of all the parties and issues in a case. N. E. Indep. Sch. Dist. v. Aldridge, 400
S.W.2d 893, 895 (Tex. 1966); Wagner v. Warnasch, 156 Tex. 334, 295 S.W.2d 890, 892 (1956). 
 Because the trial court's order dismissing this suit did not dispose of all defendants, it is not
final, and this is an interlocutory appeal from a nonappealable judgment. Accordingly, Bircher's
appeal is dismissed for want of jurisdiction.



 Bailey C. Moseley

 Justice


Date Submitted: January 22, 2009

Date Decided: January 23, 2009



lly, he contends the
State produced no evidence about the vault, evidence packaging, or about the safeguards
that were employed to keep the evidence from being commingled with other evidence while
in police custody. 
          Before the current Rules of Evidence were adopted, absent a showing of tampering,
issues concerning chain of custody were considered as going to the weight rather than to
the admissibility of the evidence. See DeLeon v. State, 505 S.W.2d 288, 289 (Tex. Crim.
App. 1974). The current Rules of Evidence do not specifically address the chain of
custody issue. They simply provide that the authentication or identification necessary as
a condition precedent to admissibility is satisfied by evidence sufficient to support a finding
that the matter in question is what its proponent claims. Fluellen v. State, 104 S.W.3d 152,
162 (Tex. App.—Texarkana 2003, no pet.); see Tex. R. Evid. 901(a). 
          If the issue is a discrepancy in evidence, that determination of the positive identity
of the physical evidence is one to be made by the fact-finder. Lopez v. State, 817 S.W.2d
150, 152 (Tex. App.—El Paso 1991, no pet.); Levi v. State, 809 S.W.2d 668, 672 (Tex.
App.—Beaumont 1991, no pet.) (citing Jones v. State, 617 S.W.2d 704, 705 (Tex. Crim.
App. [Panel Op.] 1981)). Any discrepancy in the testimony goes only to the weight of the
evidence and not its admissibility. Stoker v. State, 788 S.W.2d 1, 10 (Tex. Crim. App.
1989); Allen v. State, 946 S.W.2d 115, 117 (Tex. App.—Texarkana 1997, no pet.). 
          We use an abuse of discretion standard when reviewing the trial court's decision to
admit evidence. Torres v. State, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002); Burden v.
State, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001). An appellate court will not reverse a
trial court's ruling unless that ruling falls outside the zone of reasonable disagreement. 
Torres, 71 S.W.3d at 760; Burden, 55 S.W.3d at 615. The trial court does not abuse its
discretion in admitting evidence where it believes that a reasonable juror could find that the
evidence has been authenticated or identified. Schneider v. State, 951 S.W.2d 856, 863
(Tex. App.—Texarkana 1997, pet. ref'd); Pena v. State, 864 S.W.2d 147, 152 (Tex.
App.—Waco 1993, no pet.) (op. on reh'g); Coleman v. State, 833 S.W.2d 286, 289 (Tex.
App.—Houston [14th Dist.] 1992, pet. ref'd).        
          The officer who found the drugs in Meitler's automobile explained how he found the
drugs, how he packaged the drugs in an envelope sealed with evidence tape, dated and
signed the package and turned it in at the station. The officer then identified the packaging
as his, along with his signature and date. Officer Steve Tigert, the custodian of the
evidence, testified about drug task force policies on maintaining evidence in a locker, and
explained how he kept them segregated and stored, and also explained how he matched
the evidence listed on the incoming property sheet with the actual items delivered. He also
testified he was the person who submitted the evidence to the laboratory for examination. 
Finally, Drew Fout, a representative of the Texas Department of Public Safety Crime
Laboratory, testified regarding the internal procedures used to create a paper trail for the
receipt of evidence and for the analysis of the items delivered. Fout testified he had
opened, examined, and repackaged the evidence, and retained it in the vault at the
laboratory until he brought it to court. 
          The evidence supports the court's conclusion that the matter in question is what its
proponent claimed. In light of this evidence, and in the absence of any evidence of
tampering or any other matter that would cast doubt on its authenticity, we conclude the
trial court did not abuse its discretion by overruling the objection. 
          Meitler next contends the trial court erred by denying his motion for mistrial, after the
prosecutor intentionally violated the terms of an order on a motion in limine by questioning
him about a search of his residence by the federal Drug Enforcement Agency. The order
had granted Meitler's motion restricting the prosecutor from mentioning extraneous
offenses or prior convictions at trial. Thus, it appears that the question may have exceeded
the bounds of the order. However, there are procedural problems with the preservation of
this alleged error. 
          First, counsel objected, and eventually asked for a mistrial, but did not ask for an
instruction to disregard. The asking of an improper question will seldom result in a mistrial
because, in most cases, any harm can be cured by an instruction to disregard. Ladd v.
State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). Thus, testimony referring to or implying
extraneous offenses allegedly committed by a defendant may be rendered harmless by the
trial court's instruction to disregard. Campos v. State, 589 S.W.2d 424, 428 (Tex. Crim.
App. [Panel Op.] 1979). 
          A mistrial is required only when the improper question is clearly prejudicial to the
defendant and is of such character as to suggest the impossibility of withdrawing the
impression produced on the minds of the jurors. Id. A trial court's denial of a mistrial is
reviewed under an abuse of discretion standard. Id.; State v. Gonzalez, 855 S.W.2d 692,
696 (Tex. Crim. App. 1993).
          In this case, the mention of a search by a drug agency is inherently prejudicial to the
defendant. However, we are not prepared to say that it is of such a prejudicial nature that
a proper instruction would not have rendered the error harmless, and thus the trial court's
decision to deny the motion for mistrial was not such as to constitute an abuse of
discretion. The contention of error is overruled. 
 

          We affirm the judgment.


                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      August 25, 2005
Date Decided:         September 13, 2005

Do Not Publish