*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★

## MEMORANDUM OPINION

No. 04-07-00581-CR

Jennifer **FARMER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 83rd Judicial District Court, Val Verde County, Texas
Trial Court No. 9933
Honorable Carl Pendergrass, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:    Catherine Stone, Chief Justice
Phylis J. Speedlin, Justice
Steven C. Hilbig, Justice

Delivered and Filed:   April 22, 2009

AFFIRMED

A jury convicted appellant Jennifer Farmer of burglary of a habitation, and the trial court

sentenced her to five years in prison. On appeal, appellant claims the trial court erred in (1) failing

to grant a mistrial after she was "forced" to invoke the spousal privilege before the jury, (2) allowing

the State's expert to testify during the punishment phase about appellant's suitability for probation,

and (3) considering extraneous bad acts in determining punishment because the State failed to prove such acts beyond a reasonable doubt. We affirm the trial court's judgment.

## BACKGROUND

In November 2000, appellant and Colin Farmer were in the process of divorcing. That same month, someone burglarized and vandalized a home in Val Verde County belonging to Colin Farmer's parents. Several guns, along with numerous other items, were taken in the burglary. The Farmer family immediately suspected appellant committed the burglary, but she was not indicted until November 2004. According to the trial evidence, between the date of the burglary and the indictment, appellant admitted to several people that she and her mother had committed the crime.

## DENIAL OF MISTRIAL

Randy Rogers testified on behalf of the State. At the beginning of his testimony, Rogers identified appellant as his ex-wife. Other evidence demonstrated they were married after Farmer's divorce from Colin Farmer. The State asked Rogers whether during the marriage appellant had made "any mention about some weapons she may have had?" Appellant's counsel immediately objected based on the husband-wife privilege. *See* TEX. R. EVID. 504. After a brief colloquy in the presence of the jury, the trial judge told the prosecutor, "You're going to have to find a way to come in the back door. There's a way to do it." Thereafter, appellant's counsel requested a bench conference, which resulted in the jury being removed from the courtroom while Rogers was questioned about his conversation with appellant regarding the weapons. After the voir dire, the State conceded the application of the privilege to the original question and the jury returned to the courtroom. The trial court sustained appellant's original objection and instructed the jury to disregard the question.

Appellant requested a mistrial, which the trial court denied. The State passed the witness and neither side asked Rogers any additional questions.

On appeal, appellant argues the trial court should have granted her request for a mistrial because the State's action left the jury with the impression that she made admissions to Rogers that she committed the crime for which she was being tried. According to appellant, the trial court's instruction to disregard the question could not remove that impression from the jury's collective mind.

The denial of a mistrial is reviewed under an abuse of discretion standard. *Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007). A trial court abuses its discretion only when its decision falls outside the zone of reasonable disagreement. *Id.* Generally, a mistrial is not required when the State asks an improper question because an instruction to disregard cures most harm. *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1070 (2000). "Only in extreme circumstances, where the prejudice is incurable, will a mistrial be required." *Archie*, 221 S.W.3d at 699 (quoting *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004)). Stated another way, a mistrial is not required "except in extreme cases where it appears that the question . . . is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds." *Campos v. State*, 589 S.W.2d 424, 428 (Tex. Crim. App. [Panel Op.] 1979).

The trial court did not abuse its discretion in denying the motion for a mistrial. The State's question did not reveal the content of any conversation between appellant and Rogers, and nothing in the record suggests the question was "calculated to inflame the minds of the jurors." Nor was it

the type of question that the instruction to disregard could not cure. Accordingly, we overrule appellant's first issue.

### SUITABILITY FOR PROBATION

Appellant next complains the trial court abused its discretion in allowing a State's expert witness, board-certified neuropsychologist Dr. Daneen Milam, to testify about appellant's suitability for probation. Appellant argues the testimony was inadmissible because the State failed to establish the reliability and proper application of the underlying scientific theory. Specifically, appellant attacks Dr. Milam's use of the "Hare Psychopathy Checklist"[1] in discussing the basis of her opinion that appellant was unsuitable for probation.

Appellant elected to have the trial judge assess her punishment. The State called Dr. Milam as a witness during the punishment phase to obtain her opinion about Farmer's suitability for probation. Dr. Milam first testified to her qualifications, which included testifying as an expert witness in numerous criminal and civil matters. She then provided testimony about statements concerning Farmer that she obtained from persons she interviewed or that were contained in documents she relied upon to render her opinions. She also testified that the "facts and data" she gathered in her interviews and investigation are the type normally relied upon by experts in her field to form opinions. TEX. R. EVID. 703. She ultimately concluded that she "doubted" whether appellant was a suitable candidate for probation. Although Dr. Milam referenced the "Hare Psychopathy Checklist" and stated appellant exhibited several traits on the list, she expressly stated she did not

---

[1] Dr. Milam testified the psychopathy checklist was originally designed as a predictive tool for parolees as to the risk of re-offending while on parole.

use the checklist to assign a "score" to appellant. Rather, when asked for an opinion about appellant's future threat to others, the State asked Dr. Milam to express an opinion "[b]ased on all the written materials, all the forensic interviews that you've done, on what you know about Antisocial Personality Disorder, on your going through and relating the things you know about Jennifer Farmer to the Psychopathy Checklist as well as to Antisocial Personality Disorder." Dr. Milam was also requested to express an opinion about appellant's suitability for probation based on Dr. Milam's "experience and training and information."

The record shows Dr. Milam based her opinion on a wide range of materials and not just the "psychopathy checklist." Accordingly, we overrule appellant's second issue.

### EXTRANEOUS OFFENSES

In her final point of error, appellant asserts that during the punishment phase, the trial court improperly relied upon evidence of extraneous offenses she allegedly committed because the State failed to prove the offenses beyond a reasonable doubt.

Appellant filed a document entitled "Defendant's Written Objection to Admissibility of Extraneous Offenses, Request for Procedural Determination by Trial Court with Findings of Fact and Conclusions of Law, and for Limiting Instruction." The court informed appellant's counsel he would not rule on the motion "but you may make your objections as time goes by." The State subsequently presented testimony from several witnesses about other crimes or bad acts committed by appellant, but appellant raised no further objection based on extraneous offenses nor did she move to strike any testimony at the conclusion of the punishment evidence.

An appellant may not predicate error upon a ruling admitting evidence unless a timely objection or motion to strike appears in the record, stating the specific ground for the objection unless the ground is apparent from the context. TEX. R. EVID. 103(a)(1); TEX. R. APP. P. 33.1(a)(1)(A). The record must show the trial court ruled upon the objection or motion, expressly or implicitly, or refused to rule and the complaining party objected to the refusal. TEX. R. APP. P. 33.(a)(2). Here, the trial court did not rule upon appellant's motion to exclude evidence of the extraneous offenses when it was first presented. Rather, the trial court advised appellant to make any objections as the evidence was presented. Appellant never objected nor did she ever obtain any ruling on her motion. She has therefore failed to preserve this issue for our review. *See Fuller v. State*, 829 S.W.2d 191, 198 (Tex. Crim. App. 1992) (holding appellant waived right to appellate review under rule 103(a)(1) where he failed to preserve earlier objection by filing motion to strike at close of evidence), *cert. denied*, 508 U.S. 941 (1993), *overruled on other grounds*, *Castillo v. State*, 913 S.W.2d 529 (Tex. Crim. App. 1995); *see also Powell v. State*, 898 S.W.2d 821, 829 (Tex. Crim. App.) (holding complaint about testimony not preserved for appellate review because defendant failed to renew objection by moving to strike conditionally admitted evidence), *cert. denied*, 516 U.S. 991 (1995). Accordingly, we overrule appellant's third issue.

### CONCLUSION

Having overruled all of appellant's issues, we affirm the trial court's judgment.

Steven C. Hilbig, Justice

Do Not Publish