**Affirmed and Memorandum Opinion filed June 25, 2019.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-18-00145-CR

---

### LAMAR COOKS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1534757**

---

## MEMORANDUM OPINION

Appellant Lamar Cooks challenges his conviction for murder. In a single issue, he argues that the trial court abused its discretion by failing to grant a mistrial because a State's witness violated the court's order granting appellant's motion in limine regarding extraneous bad acts. Because we conclude that the trial court did not abuse its discretion in denying appellant's motion for a mistrial, we affirm the trial court's judgment. Because all issues are settled in the law, we issue this memorandum opinion. Tex. R. App. P. 47.4.

# Background

A Harris County grand jury indicted appellant for the first-degree felony offense of murder. Appellant pleaded not guilty. Prior to trial, the court granted appellant's motion in limine and instructed the State to approach the bench prior to mentioning "any prior criminal history of [appellant] or any bad acts." During the jury trial, the following facts were established.

Appellant and Norma were in a dating relationship. Appellant, Norma, and Norma's brother—the complainant—lived together in an apartment. One night while Norma was at work, appellant allegedly fought with the complainant. A neighbor testified that he heard three or four gunshots. The neighbor looked outside toward the apartment parking lot and saw one man shoot another man as the second man attempted to run away. An autopsy of the complainant's body showed that he was shot in the chest and the back of his left arm.

According to Norma, appellant called Norma after the fight and told her that he shot her brother. Norma left work and drove to the apartment. Appellant was no longer there. Norma spoke with appellant again on the phone, and he "constantly told [her] he didn't want [her] to say anything; that he loved [her] and for [her] not to say anything." Norma told a police officer at the scene that appellant had called her and said "that he had fired shots at [her] bitch ass brother and that [her brother] had threw a can [at appellant] and that [appellant] just wanted [the complainant] to die." Appellant later texted Norma several times, imploring her, "don't say anything, please don't say anything."

At trial, appellant conceded that he killed the complainant. Appellant did not testify but his attorney argued that appellant acted in self-defense, relying in part on Norma's testimony. Norma testified that she continued to communicate with appellant in the days following the shooting because she "want[ed] to know

2

the reason why [appellant] did it." According to Norma, during these conversations, appellant told her that the complainant threw a beer can at appellant, attacked appellant, had "red eyes," and "looked like the devil." Also, the complainant had a large jacket on, and appellant thought the complainant had a gun.

In one exchange, the prosecutor asked Norma to describe the nature of her relationship with appellant. Norma said the relationship was "not healthy," that they argued a lot, and that "when we would argue the arguments would get very loud and then it would become aggressive." Appellant objected that Norma's testimony violated the order in limine because she suggested that appellant engaged in violent bad acts. The trial court sustained the objection and instructed the jury to disregard Norma's last statement about appellant being "aggressive." Appellant also moved for a mistrial, which the trial court denied.

The jury found appellant guilty of the charged offense. The jury assessed appellant's punishment at sixty years' confinement in the institutional division of the Texas Department of Criminal Justice, as well as a $10,000 fine. Appellant timely appeals.

## Analysis

In one issue, appellant argues that the trial court erred in denying his motion for mistrial after the State violated the trial court's order in limine regarding extraneous bad acts.

A mistrial is a device used to halt trial proceedings when error occurring during trial is so prejudicial that expenditure of further time and expense would be wasteful and futile. *Young v. State*, 283 S.W.3d 854, 878 (Tex. Crim. App. 2009). A mistrial is appropriate only in extreme circumstances "for a narrow class of

3

highly prejudicial and incurable errors." *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009). Whether a mistrial is required depends on the facts of the case. *Id.* A trial court should grant a mistrial "only when residual prejudice remains after less drastic alternatives are explored." *Id.* at 884-85 (internal quotation omitted). A mistrial should be exceedingly uncommon. *See Hudson v. State*, 179 S.W.3d 731, 738 (Tex. App.—Houston [14th Dist.] 2005, no pet.). A denial of a motion for mistrial is reviewed under an abuse of discretion standard, and we must uphold a trial court's ruling if it was within the zone of reasonable disagreement. *Coble v. State*, 330 S.W.3d 253, 292 (Tex. Crim. App. 2010); *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999).

Appellant identifies the following extended exchange as the basis for his appellate complaint that he was entitled to a mistrial:

> [Prosecutor]: . . .The exact question that I believe that I was asking you was about the on again/off again nature of your relationship with Lamar, and I was asking you to describe that for the jury and whether that was a healthy relationship.
>
> [Norma]: No, it wasn't healthy.
>
> [Prosecutor]: And I asked you to describe for the jury why you're saying it wasn't healthy.
>
> [Norma]: We would argue a lot; and when we would argue the arguments would get very loud and then it would become aggressive.
>
> [Defense counsel]: Judge, I'm going to object. We need to approach.
>
> THE COURT: All right.
>
> (Bench conference)
>
> [Defense counsel]: That's an absolute violation of the Motion in Limine.
>
> THE COURT: How is it a violation?
>
> [Defense counsel]: She said it got aggressive. That infers that someone was violent and it goes directly to that.

4

THE COURT: I granted a Motion in Limine regarding criminal cases and bad acts. So you're saying that just being aggressive is a violation?

[Defense counsel]: It's an inference to the jury that someone was violent in that situation, yes. I'm objecting to that. It's a backdoor way.

* * *

THE COURT: I've granted a Motion in Limine for the Defense; that you-all will not go into bad acts, acts of violence, anything that could be perceived as a bad act. So, I'm going to ask that you honor that Motion in Limine at this time and that you not go into that so that we don't have this issue.

* * *

[Defense counsel]: And, Judge, just for the record, you may have -- I just need a ruling on my objection to -- she didn't answer it, did she?

[Prosecutor]: The last thing that you asked to approach was we would get in arguments that turned aggressive.

[Defense counsel]: Okay. I would object that that's a violation of the Motion in Limine by the State and I just need a ruling for the record.

THE COURT: I think I've already ruled by saying that it was -- I'm not going to allow her to elicit any additional testimony regarding that. That question in and of itself was ambiguous.

[Defense counsel]: I'm sorry.

THE COURT: Did she answer the question?

[Defense counsel]: She said that it was aggressive.

THE COURT: Okay. Then the objection is sustained.

* * *

(Jury enters courtroom.)

* * *

[Defense counsel]: Judge, I'm sorry, I need to have you ask the jury to disregard.

THE COURT: Ladies and gentlemen, disregard the last answer of the witness.

5

[Defense counsel]: And I move for a mistrial.

THE COURT: That will be denied.

When, as here, a trial court sustains an objection to evidence and instructs the jury to disregard, but denies a defendant's motion for mistrial, the issue is whether the trial court abused its discretion in denying the motion for mistrial because that was the only adverse ruling. *See Hawkins v. State*, 135 S.W.3d 72, 76-77 (Tex. Crim. App. 2004). Generally, a trial court's prompt instruction to disregard will cure any error associated with testimony referring to extraneous offenses, unless it appears the evidence was so clearly calculated to inflame the minds of the jury or is of such a damning character as to suggest it would be impossible to remove the harmful impression from the juror's minds. *Kemp v. State*, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992); *see also Crayton v. State*, 463 S.W.3d 531, 535 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (citing *Logan v. State*, 698 S.W.2d 680, 683-84 (Tex. Crim. App. 1985)). A court should review the particular facts of the case in determining whether a given error requires a mistrial. *See Ladd*, 3 S.W.3d at 567.

In several cases involving extraneous or bad acts evidence, courts have held a curative instruction sufficient to render objectionable testimony harmless. *See, e.g.*, *Kemp*, 846 S.W.2d at 308 (holding State's witness's reference to defendant's prior incarceration rendered harmless by curative instruction); *Gardner v. State*, 730 S.W.2d 675, 696-97 (Tex. Crim. App. 1987) (holding witness's testimony that, when defendant was in the penitentiary, he had stomach problems attributable to drug withdrawal was not so inflammatory as to require a mistrial); *Barney v. State*, 698 S.W.2d 114, 124-25 (Tex. Crim. App. 1985) (holding State's witness's answer that victim did not like defendant because "he was an ex-con" was improper reference to extraneous offense but cured by jury instruction); *Campos v. State*,

589 S.W.2d 424, 427-28 (Tex. Crim. App. 1979) (holding witness's testimony, during State's cross-examination, that defendant was arrested and jailed on an extraneous offense was cured by jury instruction); *Bledsoe v. State*, 21 S.W.3d 615, 624 (Tex. App.—Tyler 2000, no pet.) (holding detective's testimony, during questioning by State, that detective served warrant on defendant at county jail was cured by instruction when State did not solicit response or emphasize the testimony to the jury and detective did not elaborate on reasons for the incarceration).

We conclude the trial court did not err in denying appellant's motion for mistrial. First, Norma's testimony that arguments with appellant "would get very loud and then it would become aggressive" was brief and ambiguous. Norma did not testify that appellant became *physically* aggressive or violent. Moreover, the prosecutor moved on and did not revisit the issue. Accordingly, though the trial court believed the topic violated its order in limine, the single statement was not a particularly severe violation. *See Webb v. State*, No. 01-14-00174-CR, 2015 WL 5315332, at *5 (Tex. App.—Houston [1st Dist.] Sept. 10, 2015, pet. ref'd) (mem. op. on reh'g, not designated for publication).[1]

Second, the trial court promptly instructed the jury to disregard Norma's answer. This is not an instance where it appears that the elicited testimony was "so clearly calculated to inflame the minds of the jury or is of such a damning character as to suggest that it would be impossible to remove the harmful impression from the juror's minds." *Crayton*, 463 S.W.3d at 535; *see also, e.g.,*

---

[1] Appellant contends that the State solicited additional testimony that showed its limine violations were "persistent." On direct examination, Norma testified that: (1) appellant fathered three children, each with a different mother; and (2) her relationship with appellant "wasn't very healthy at all." We reject appellant's reliance on this testimony to support his argument that he was entitled to a mistrial based on a limine violation. The testimony cited does not describe extraneous bad acts contemplated by rule 404, and therefore is not violative of the limine order, and appellant did not object to the evidence based on an alleged limine violation in any event.

7

*Whitaker v. State*, 977 S.W.2d 595, 600 (Tex. Crim. App. 1998) (instruction cured harm where witness testified that capital murder defendant "beat her up before giving her an engagement ring"); *Smiley v. State*, No. 14-06-00884-CR, 2007 WL 4200585, at *2-3 (Tex. App.—Houston [14th Dist.] Nov. 29, 2007, no pet.) (mem. op., not designated for publication) (holding trial court did not err in denying motion for mistrial for alleged limine violation as to extraneous bad acts evidence; jury instruction to disregard cured any harm).

Last, the evidence supporting conviction is compelling even absent the alleged limine violation. As discussed above, Norma testified that appellant called her immediately after the altercation with the complainant and told Norma that he had shot her "bitch ass brother" and that he hoped the complainant died. Further, a neighbor testified that he saw a man, concededly appellant, shoot at another man, undisputedly the complainant, as the complainant ran away from appellant. A bullet wound on the back of the complainant's arm corroborates the neighbor's testimony; the medical examiner testified that "the gun would have been somewhat behind and to the left of the [complainant]." Finally, appellant's flight from the scene and his instructions to Norma to "don't say anything" to law enforcement are circumstances from which a rational jury could reasonably find guilt. *See Clayton v. State*, 235 S.W.3d 772, 780 (Tex. Crim. App. 2007) (defendant's flight from the crime scene is a circumstance of guilt); *Guevara v. State*, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004) (defendant's attempt to conceal incriminating evidence is a circumstance of guilt); *Hardesty v. State*, 656 S.W.2d 73, 77-78 (Tex. Crim. App. 1983) (defendant's attempt to avoid police apprehension is a circumstance of guilt). The case against appellant was strong.

Appellant conceded that he killed the complainant, but argued that he acted in self-defense, because the complainant threw a beer can at him, had red eyes, and

looked like the devil, although we note that appellant did not mention that he had acted in self-defense until days after the shooting. Regardless, the jury is the sole arbiter of credibility determinations, and we defer to the jurors' resolution of the testimony presented to them. *Balderas v. State*, 517 S.W.3d 756, 766 (Tex. Crim. App. 2016).

The trial court did not abuse its discretion in denying appellant's motion for a mistrial. Accordingly, we overrule appellant's issue.

## Conclusion

We affirm the trial court's judgment.


/s/    Kevin Jewell
        Justice


Panel consists of Justices Christopher, Jewell, and Bourliot.

Do Not Publish — Tex. R. App. P. 47.2(b).