NO. 07-11-00269-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 22, 2012

_____

MICHAEL DEKNEEF, JR., APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 427TH DISTRICT COURT OF TRAVIS COUNTY;

NO. D-1-DC-10-100020; HONORABLE JIM CORONADO, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**OPINION**

Appellant, Michael Dekneef, Jr., was convicted of aggravated sexual assault[1] of a child under the age of six[2] and sentenced to serve fifty-five years in the Texas Department of Criminal Justice, Institutional Division (TDCJ-ID) and pay a fine of $10,000. Appellant appeals his conviction in four issues, contending that evidence was legally insufficient and that the court erred by denying his motion for a mistrial, by

_____

[1] TEX. PENAL CODE ANN. § 22.021(a)(2) (West Supp. 2012).

[2] Id. § 22.021(f).

denying his motion to suppress evidence, and by admitting extraneous-act evidence over his objection. We will affirm.

Factual and Procedural History

During an unrelated Child Protective Services (CPS) investigation, S.R., a nine-year-old child, made statements indicating some prior sexual abuse. CPS referred S.R. to the Travis County Sherriff's Office, which arranged for her to meet with David Wheeler, a forensic interviewer for the Center for Child Protection. During the interview with Wheeler, S.R. indicated that appellant, her mother's former boyfriend, had sexually abused her. Specifically, S.R. said to Wheeler that appellant "would do inappropriate things," such as getting in the bath with her and "sticking his thing into her." S.R. also said that appellant "put his tongue into the front part of her hiney" and "put his thingy into her hiney." Wheeler determined through the use of anatomical dolls that "hiney" and "front of hiney" meant her anus and vagina and that "thingy" meant appellant's penis. The sexual abuse continued until S.R. told her grandfather, who told appellant to move out the same day. Appellant moved out of the house in March of 2008.

After S.R.'s interview with Wheeler, Child Abuse Detective Ramon Lopez twice contacted appellant by telephone. Both of the telephone calls were recorded, and, in both calls, appellant identified himself. During the first call, appellant told Lopez that all of his friends in Houston had kids and that all children loved him. Appellant went on to say that he did not mind sitting and playing dolls with little girls for hours and that he sometimes preferred the company of children. During the second phone call, appellant admitted that he stuck his penis in S.R.'s anus. Appellant stated that he did not stop

2

even though S.R. was crying and asking him to stop. Appellant also admitted that he tried to get S.R. to perform oral sex on him and, after she told him to stop a few times, he "finished" in the bathroom.

Appellant was arrested and charged with sexual assault of S.R. Prior to trial, appellant urged a motion in limine to exclude evidence of any "alleged extraneous offense or misconduct on the part of the defendant." The State voiced no opposition to the motion, and the trial court did not rule on the motion. However, during the State's direct examination of Lopez, the State asked Lopez about the findings from his initial investigation of appellant. Lopez stated that appellant had been a "suspect," without any further details as to the date or the nature of the suspected offense. Appellant then moved for a mistrial, which the trial court denied.

The State presented the recorded telephone calls between appellant and Lopez. Appellant first moved to suppress the recordings as having been obtained in violation of section 16.02 of the Texas Penal Code. After appellant's motion to suppress was denied, appellant objected to the specific portions of the recorded conversations that involved appellant's activities with his friends' children as being irrelevant evidence of extraneous acts under Texas Rule of Evidence 404 and as posing a danger of unfair prejudice that substantially outweighed its probative value under Rule 403. The trial court overruled both of these objections as well.

Ultimately, the jury found appellant guilty of three counts of aggravated sexual assault of a child[3] and assessed a fine of $10,000 and sentence of fifty-five years for

---

[3] Appellant was originally charged with six counts of aggravated sexual assault and four counts of indecency with a child. The State abandoned one count of

each offense, to run concurrently. Appellant has presented four issues on appeal from his convictions. His first issue challenges the sufficiency of the evidence to prove beyond a reasonable doubt that the child was under the age of six at the time of the sexual assaults. In his second issue, he contends that the trial court erred by denying his motion for mistrial with regard to the State's violation of his motion in limine. In his third issue, he contends that the trial court erred by failing to suppress recordings of appellant's conversations with Lopez that, he argues, were obtained in violation of the Texas Penal Code. Finally, in his fourth issue, appellant maintains that the trial court erred by admitting into evidence portions of those recorded conversations relating to extraneous acts in violation of Rules 403 and 404 of the Texas Rules of Evidence.

## Sufficiency of the Evidence

The minimum term of imprisonment for an aggravated sexual assault of a child is increased to twenty-five years if the victim of the offense is younger than six years of age at the time the offense is committed. See TEX. PENAL CODE ANN. § 22.021(f)(1). Appellant challenges the sufficiency of the evidence to prove that S.R. was younger than six years of age at the time of the offenses alleged.

## Standard of Review

In evaluating the sufficiency of the evidence on appeal, the reviewing court must consider all of the evidence available in the light most favorable to the verdict and

---

aggravated sexual assault of S.R. contained in Count V, and, the jury, having found that appellant committed aggravated sexual assault of S.R. by penetration of her sexual organ and her anus, did not reach Counts II and IV, alleging alternative means of committing sexual assault of a child younger than age six, or Counts VII-X, alleging lesser offenses of indecency with a child.

4

determine whether a rational jury could have found that the State adequately proved all elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Brooks v. State, 323 S.W.3d 893, 912 (Tex.Crim.App. 2010). Proving every element of an offense beyond a reasonable doubt is the highest burden of proof in any trial, and "there is no higher standard of appellate review than the standard mandated by Jackson." Brooks, 323 S.W.3d at 917 (Cochran, J., concurring). "[T]he reviewing court is required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony." Id. at 899.

Analysis

Again, appellant anchors his sufficiency challenge on his position that, given all of the inconsistencies in the evidence, there is no conclusive evidence that S.R. was under the age of six at the time of the assaults. Appellant contends that S.R.'s statement to Wheeler that she was six or seven at the time of the assaults is the best evidence that the child was not younger than six years old. However, it is undisputed that S.R.'s birthdate was April 14, 2002. S.R. would have been five years old on March 1, 2008, the alleged date of the offense. Further, both S.R.'s mother and grandfather testified that appellant moved out in March 2008, before S.R. turned six years old. Appellant maintains that there was no evidence to corroborate the family's testimony. However, to the extent there need be "corroboration," there is: appellant's own statements to Lopez corroborated the evidence that S.R. was under the age of six. Appellant told Lopez on April 2, 2010, that he had not been with S.R.'s mother in over

5

two years. Assuming "over two years" meant that appellant had moved out on April 1, 2008, at the latest, S.R. would not yet have turned six when appellant moved out.

Dr. Lee Carter testified that young children are not as good as adults at remembering some things and they often get dates confused. S.R.'s mother's and grandfather's testimony, as well as appellant's statements to Lopez, indicated that S.R. was under the age of six at the time of the assaults. The only testimony indicating otherwise came from S.R. herself. The jury, acting within its exclusive province, resolved the conflicting testimony and found that S.R. was under the age of six at the time of the assaults. See Bowden v. State, 628 S.W.2d 782, 784 (Tex.Crim.App. 1982) (op. on reh'g). We must afford due deference to the jury's verdict when its verdict is reasonably supported by the record. See Marshall v. State, 210 S.W.3d 618, 625 (Tex.Crim.App. 2006).

Viewing all of the evidence regarding S.R.'s age in the light most favorable to the verdict, we conclude that a rational jury could have found beyond a reasonable doubt that S.R. was under the age of six at the time of the sexual assaults. See Jackson, 443 U.S. at 319; Brooks, 323 S.W.3d at 912. We overrule appellant's first issue.

### Motion for Mistrial

During the State's questioning of Lopez, the following exchange occurred:

Q: And can you just briefly tell us what steps you took in order to figure out who [appellant] was?

A: I did research within our own agency, myself, and I incorporated our law enforcement specialist, Ann Rivas, and a APD admin, he's in the admin position, he's a former detective, that also does research. That research revealed that [appellant] had been a suspect or –

6

Appellant immediately asked that the jury be removed and objected to Lopez's statement, contending that it was a violation of appellant's motion in limine. With the jury absent, the court resolved the question of whether the word "suspect" alone was a violation of appellant's motion in limine and, ultimately, sustained appellant's objection. Upon the jury's return, appellant asked for an instruction to the jury to disregard, and the trial court gave such an instruction. Appellant then moved for a mistrial, which the trial court denied and which forms the substance of appellant's second issue.

Standard of Review

A mistrial is a device used to halt trial proceedings only in narrow circumstances where an error is so highly prejudicial and incurable that the "expenditure of further time and expense would be wasteful and futile." Ladd v. State, 3 S.W.3d 547, 567 (Tex.Crim.App. 1999). "The determination of whether a given error necessitates a mistrial must be made by examining the particular facts of the case." Id. We review the denial of a mistrial for an abuse of discretion. Id. We must view the evidence in the light most favorable to the trial court's ruling and uphold the ruling if it was within the "zone of reasonable disagreement." Ocon v. State, 284 S.W.3d 880, 884 (Tex.Crim.App. 2009); see Wead v. State, 129 S.W.3d 126, 129 (Tex.Crim.App. 2004).

Applicable Law

A reviewing court generally considers instructions given to the jury to be sufficient to remedy most improprieties that occur during a trial and presumes that a jury will follow the trial court's instructions. Gamboa v. State, 296 S.W.3d 574, 580 (Tex.Crim.App. 2009); see Gardner v. State, 730 S.W.2d 675, 696 (Tex.Crim.App.

7

1987) (en banc). Therefore, it is assumed that the harm created by the error has been cured by the instruction to disregard, "except in extreme cases where it appears that the question or evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds." Campos v. State, 589 S.W.2d 424, 428 (Tex.Crim.App. 1979).

Analysis

Appellant contends that Lopez's response concerning appellant as having been a "suspect" was "extremely prejudicial in that it cast the appellant as the suspect in a separate criminal investigation in the context of being tried for sexually assaulting a child." The State did not ask whether appellant had been a suspect in another sexual assault case, nor was the discussion at that point on the topic of sexual assault. When taken in context, the question merely sought to elicit the steps Lopez took to identify appellant before contacting him. Furthermore, appellant objected before Lopez was able to fully answer or provide any information that would imply appellant's involvement in another sexual assault case. The fact that Lopez used the word "suspect" in his answer without further explanation does not constitute a statement that is "clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds." Id.

Rather, Lopez's response simply stated that appellant was a suspect but did not assert any separate offense for which appellant was accused. The trial court's prompt instruction to the jury to disregard the response was sufficient to remedy the impropriety at issue here. See Gamboa, 296 S.W.3d at 580. The trial court did not abuse its

8

discretion by denying appellant's motion for mistrial. See Ladd, 3 S.W.3d at 567. We overrule appellant's second issue.

Motion to Suppress

Appellant contends on appeal, as he did below, that Lopez violated the law when he recorded the two telephone conversations between appellant and Lopez. Therefore, his argument goes, the trial court improperly denied his motion to suppress the recordings of those telephone conversations.

Standard of Review

We review a trial court's ruling on a motion to suppress for abuse of discretion. Lujan v. State, 331 S.W.3d 768, 771 (Tex.Crim.App. 2011) (per curiam). In reviewing the denial of a motion to suppress, we apply a bifurcated standard of review. Hubert v. State, 312 S.W.3d 554, 559 (Tex.Crim.App. 2010). We review *de novo* a trial court's application of law to the facts. Id. However, we defer to the trial court on questions of credibility and historical fact. Id. The trial court is "the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony." Valtierra v. State, 310 S.W.3d 442, 447 (Tex.Crim.App. 2010).

When no findings of fact were requested or filed, the reviewing court will view the evidence in the light most favorable to the trial court's ruling and "assume that the trial court made implicit findings of fact supported by the record." Id. (quoting Harrison v. State, 205 S.W.3d 549, 552 (Tex.Crim.App. 2006)). We will sustain the trial court's ruling if it is "reasonably supported by the record and is correct on any theory of law

9

applicable to the case." Id. at 447–48 (quoting State v. Dixon, 206 S.W.3d 587, 590 (Tex.Crim.App. 2006)).

Applicable Law

If evidence is obtained "in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America," that evidence cannot be admissible as evidence against the accused. TEX. CODE CRIM. PROC. ANN. art. 38.23(A) (West 2005). Appellant contends that, by recording his conversations with appellant, Lopez violated section 16.02 of the Texas Penal Code and that, therefore, the recordings should not have been admitted into evidence. Under that section, a person commits an offense if that person "intentionally intercepts, endeavors to intercept, or procures another person to intercept or endeavor to intercept a wire, oral, or electronic communication." TEX. PENAL CODE ANN. § 16.02(b) (West Supp. 2012). However, it is an affirmative defense to prosecution of such an offense if a party acting under the color of law is a party to the intercepted communication or has given prior consent to the interception of the communication. See id. § 16.02(c)(3)(A).

Analysis

Appellant characterizes his telephone conversations with Lopez as "oral communication": "an oral communication uttered by a person exhibiting an expectation that the communication is not subject to interception under circumstances justifying that expectation." See id. § 16.02(a) (making reference to definition in TEX. CODE CRIM. PROC. ANN. art. 18.20, § 1(2) (West Supp. 2012)). It would appear, however, that those conversations would be more precisely characterized as "wire communication": "an

10

aural transfer[4] made in whole or in part through the use of facilities for the transmission of communications by the aid of wire, cable, or other like connection between the point of origin and the point of reception, including the use of such a connection in a switching station, furnished or operated by a person authorized to engage in providing or operating the facilities for the transmission of communications as a communications common carrier." See TEX. CODE CRIM. PROC. ANN. art. 18.20, §1(1).

Regardless of the characterization of the communication at issue here, Lopez's participation in the communication and his active consent to the recording of the conversations would serve as an affirmative defense to prosecution of an offense under section 16.02(b). See TEX. PENAL CODE ANN. § 16.02(c)(3)(A). Here, it is uncontroverted that Lopez, in furtherance of his duties as a detective to investigate an alleged offense, was a party to the recorded communication and was, in fact, the party who actively recorded the communication.

Relying on the Texas Court of Criminal Appeals's conclusion in analogous circumstances, we conclude that, because Lopez did not violate section 16.02 when he recorded his telephone conversations with appellant, "no law was broken, and article 38.23 does not render the evidence inadmissible." See Alameda v. State, 235 S.W.3d 218, 223 (Tex.Crim.App. 2007); see also Mitchell v. State, No. 03-09-00643-CR, 2010 Tex. App. LEXIS 9771, at *2–3 (Tex.App.—Austin Dec. 8, 2010, no pet.) (mem. op., not designated for publication) (citing affirmative defense under section 16.02(c)(3)(A) and

---

[4] "Aural transfer" is "a transfer containing the human voice at any point between and including the point of origin and the point of reception." TEX. CODE CRIM. PROC. ANN. art 18.20, § 1(21).

concluding interception of telephone conversation between appellant and victim, recorded by law enforcement after the victim agreed to participate in a controlled call, did not violate state or federal law and was not inadmissible under article 38.23).

Viewing the evidence in the light most favorable to the trial court's ruling, we conclude that its denial of appellant's motion to suppress the recorded telephone conversations with Lopez was reasonably supported by the record. See Valtierra, 310 S.W.3d at 447–48. Therefore, the trial court did not abuse its discretion by denying appellant's motion. We overrule appellant's third issue.

## Exclusion of Evidence

Following the trial court's denial of his motion to suppress the entirety of the recorded telephone conversations, appellant specifically objected to certain portions of those recordings as irrelevant extraneous-act evidence and as being more prejudicial than probative. See TEX. R. EVID. 403, 404(b). The trial court overruled appellant's objections, concluding that the evidence was relevant to appellant's state of mind, that its probative value outweighed its prejudicial effect, and that it would not confuse or distract the jury.

### Standard of Review

Since the adoption of the Texas Rules of Evidence, courts have widely recognized and applied considerable freedom in a trial court's decisions to admit or exclude evidence based on its probative value in relation to its prejudicial effect. See Montgomery, 810 S.W.2d at 378. The reason reviewing courts afford so much discretion is due, in part, to the appellate court's recognition that the trial court sits "in a

superior position to evaluate the impact of the evidence." Id. at 378–79. "The trial judge sees the witnesses, the defendant, the jurors and counsel; he alone is able to witness the participants' mannerism and reactions." Id. at 379.

The trial court's decision to exclude or admit evidence before the jury should be reviewed for abuse of discretion. Id. at 379 (citing Marras v. State, 741 S.W.2d 395, 404 (Tex.Crim.App. 1987)). The test for abuse of discretion is a question of whether the trial court acted without reference to any guiding rules and principles. Id. at 380. We will uphold the trial court's ruling "so long as the result is not reached in an arbitrary or capricious manner." Id.

Applicable Law

Rule 404 provides that "[e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith." TEX. R. EVID. 404(b). Evidence of extraneous misconduct may be admissible, however, when such evidence is relevant to a non-character-conformity fact of consequence in a case, such as establishing motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Id.; Berry v. State, 233 S.W.3d 847, 858 (Tex.Crim.App. 2007).

However, even if the evidence is relevant and the purpose for which it is being offered is permissible under Rule 404(b), the trial court still may exclude the evidence under Rule 403 if its probative value is substantially outweighed by the danger of unfair prejudice. Moses v. State, 105 S.W.3d 622, 626 (Tex.Crim.App. 2003). More specifically, even though relevant, evidence will not be admissible "if its probative value

13

is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence."  TEX. R. EVID. 403; see Casey v. State, 215 S.W.3d 870, 882 (Tex.Crim.App. 2007).  If there is "other compelling or undisputed evidence to establish the proposition or fact that the evidence goes to prove, the [probative value of the evidence] will weigh far less than it otherwise might in the probative-versus-prejudicial balance."  Montgomery, 810 S.W.2d at 390 (op. on reh'g).

The following factors are taken into consideration when undertaking a Rule 403 analysis: (1) the inherent probative force of the proffered evidence; (2) the proponent's need for that evidence; (3) any tendency of the evidence to suggest decision on an improper basis; (4) any tendency of the evidence to confuse or distract the jury from the main issues; (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence; and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted.  Gigliobianco v. State, 210 S.W.3d 637, 641–42 (Tex.Crim.App. 2006).  Rule 403 favors admission of relevant evidence, and we presume that relevant evidence will be more probative than prejudicial.  Shuffield v. State, 189 S.W.3d 782, 787 (Tex.Crim.App. 2006).  In keeping with this presumption of admissibility of relevant evidence, trial courts should favor admission in close cases.  Casey, 215 S.W.3d at 879 (citing Montgomery, 810 S.W.2d at 389 (op. on reh'g)).

<u>Analysis</u>

Appellant contends that the trial court erred in admitting into evidence the following specific portions of the recorded telephone calls between appellant and Lopez: (1) all the girls appellant knows have kids, (2) appellant does not mind playing dolls with girls for hours at a time, and (3) appellant would rather spend time with kids. Appellant challenges their admission under Texas Rules of Evidence 403 and 404.

<u>Rule 404</u>

By asserting that he committed the acts against S.R. when he was intoxicated and angry at S.R.'s mother, appellant arguably raised the issue of intent to arouse or gratify a sexual desire, an element the State was required to prove with respect to Counts VII–X of the indictment alleging indecency with a child, lesser-included offenses for which appellant was not convicted. <u>See</u> TEX. PENAL CODE ANN. § 21.11 (West 2011). Intent is a permissible purpose for which extraneous-act evidence may be admissible. <u>See</u> TEX. R. EVID. 404(b). However, the proffered evidence must be *relevant* to the non-character-conformity purpose. <u>See</u> <u>id.</u> "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." TEX. R. EVID. 401.

Here, it seems dubious that appellant's affinity for children in general–in the absence of any evidence that he acted in an inappropriate or sexual manner with any of these other children–is relevant to appellant's intent to arouse or gratify a sexual desire

with respect to his actions toward S.R.[5]  Nonetheless, assuming that the contrary position lies within the zone of reasonable disagreement and that the evidence was relevant to intent, the evidence must still pass the balancing test of Rule 403.

Rule 403

Again, there was no evidence of any inappropriate touching or otherwise sexual conduct directed at these anonymous other children.  Therefore, the probative value, if any at all, must come from (1) the evidence's tendency–especially in light of the other evidence admitted at trial–to imply that appellant has abused or would have abused other children in the past and/or (2) the deviation from social norms that would imply character defects or other aberrant behavior.  The inherent probative force of this evidence is low and weighs against admissibility under Rule 403.  The State's own position demonstrates the tenuous link between the proffered evidence and the element of intent: "From these somewhat innocuous expressions, the jury could infer that the appellant had an unnatural attraction to and affection for these children."  This conclusion, the State maintains, shows that he acted with the requisite intent.

---

[5] In the framework of Rule 401 the question might be posed as follows:  Does the proffered evidence of appellant's atypical affinity for children and past–though apparently not sexual or otherwise inappropriate–relationships with other children make it more or less probable that appellant acted toward S.R. with the requisite intent to arouse or gratify his sexual desire?  Perhaps, it does.  However, the answer is blurred considerably when we consider the possibility that appellant could have presented this evidence himself to show "moral and safe relations" with children.  See Wheeler v. State, 67 S.W.3d 879, 882 (Tex. Crim. App. 2002); see also TEX. R. EVID. 404(a)(1)(A).  Indeed, in arguing the probative value of the proffered evidence at trial, the State pointed to the contrast between the normal interactions demonstrated by the evidence and appellant's conduct toward S.R., maintaining that it was relevant to appellant's state of mind.  On the other hand, on appeal, the State contends the evidence shows "an unnatural attraction" to children.

In a number of cases, we see that the State's need to prove intent is a strong need because extraneous acts may be probative to illuminate intent of an otherwise innocent act at issue. See Boutwell v. State, 719 S.W.2d 164, 174 (Tex.Crim.App. 1986) (op. on reh'g). "On the other hand, where the circumstances surrounding the offenses are 'abundantly supportive of the inference of intent,' the necessity for extraneous offenses to prove intent is minimal and the prejudice arising from their admission, comparatively great. Id. (quoting Morgan v. State, 692 S.W.2d 877, 881 (Tex.Crim.App. 1985)). Here, when we have appellant's admission to the acts alleged and those acts provide abundant support of the inference of intent, the implied probative value of relationships with other children is minimal.

Appellant was charged with committing sexual assault against S.R. only. Again, the proffered evidence of appellant's affection for other children did not include any allegations of sexual contact with those children. And, as we have pointed out, perhaps the greatest value of the evidence is its implication or suggestion of other victims or of other offenses. See Casey, 215 S.W.3d at 883 (observing that unfairly prejudicial evidence "tends to have some adverse effect upon a defendant beyond tending to prove the fact . . . that justifies its admission"). So, the proffered evidence becomes potentially more sinister or, at least, much less palatable when evaluated in light of the evidence presented relating to the offense for which appellant was actually being tried. The jury has been provided only the most skeletal details of these other relationships with children and has not been equipped to evaluate the evidence and its implications with anything more than each individual juror's sets of societal values, perception, and experiences. Simply put, the evidence seems to be made available for the jury to make

17

of it what it will. Further, presentation of evidence that appellant often preferred the company of children is, in this context, potentially confusing and could serve as an improper basis for the jury's decision. We note, though, the suggestion that the jury's decision was based on an improper basis is most certainly undermined by the probative force of appellant's own admission to the allegations being tried.

Based on the record before us and the unique facts of the case, we conclude that the danger of unfair prejudice posed by the proffered evidence substantially outweighed any probative value it may have had, and the admission of this evidence was error. See Turner v. State, 754 S.W.2d 668, 672–73 (Tex.Crim.App. 1988) ("Every case must be examined on its own facts, strengths and weaknesses to determine whether the extraneous transaction is relevant to a material issue, and if it is, whether the relevancy value outweighs the inflammatory or prejudicial potential."). We next evaluate this nonconstitutional error for harm. See TEX. R. APP. P. 44.2(b).

We must disregard '[a]ny other error . . . that does not affect substantial rights." Id. While we recognize the danger the proffered evidence poses in that it only seems relevant by way of its implication of other offenses and the danger that such an implication may be amplified in light of appellant's admission to having committed the alleged acts against S.R., we also recognize the strength of the other evidence admitted at trial and relevant to the issue of intent, most notably appellant's own admission to having penetrated S.R., having tried to get her to perform oral sex on him, and having "finished" in the bathroom. This evidence is strongly probative of appellant's intent to arouse or gratify his sexual desire. Appellant all but concedes as much in his Rule 403 analysis: "It is clear that Appellant's statements that he sodomized [S.R.] sealed his

conviction." So, while the inherent probative force of the evidence may be low, as we pointed out in our Rule 403 analysis, its *contextual* probative force may be even lower still in light of the other evidence of appellant's guilt.

That said, we conclude that any error in admitting evidence of appellant's relationships with other children did not affect appellant's substantial rights, and we therefore disregard such error. See TEX. R. APP. P. 44.2(b). Accordingly, we overrule appellant's fourth and final issue.

## Conclusion

Having overruled all of appellant's issues, we affirm the trial court's judgment.


Mackey K. Hancock
Justice


Publish.