

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00131-CR

JESSE ALLAN MARTINEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 32nd Nolan County, Texas
Trial Court No. 12,201, Honorable Glen Harrison, Presiding

September 26, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

What should a trial court do when the defendant appears for trial intoxicated and purportedly unable to assist in the defense of the case — a mistrial, according to Jesse Allan Martinez (appellant). Because the trial court did not grant him one, he is purportedly entitled to have his conviction for burglarizing a building reversed.[1] We disagree.

---

[1] Because this appeal was transferred from the Eleventh Court of Appeals, we are obligated to apply its precedent when available in the event of a conflict between the precedents of that court and this Court. *See* TEX. R. APP. P. 41.3.

We review a trial court's denial of a motion for mistrial under the standard of abused discretion. *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009); *Dekneef v. State*, 379 S.W.3d 423, 430 (Tex. App.—Amarillo 2012, pet. ref'd). Thus, the decision must be upheld if it falls within the zone of reasonable disagreement. *Dekneef v. State*, 379 S.W.3d at 430. In assessing whether it does, we must remember several things. First, the evidence before the trial court at the time it acted is viewed in a light most favorable to the decision. *Id.* Second, a mistrial is appropriate only in extreme circumstances. *Ocon v. State*, 284 S.W.3d at 884. Thus, it should be granted only when the residual prejudice remains after less drastic alternatives are explored. *Id.* at 884-85. Requesting less drastic remedies is not a prerequisite, but when the litigant fails to seek them, we will not interfere with the ruling if the problem could have been cured by one. *Id.* at 885. With this said, we turn to the issue at hand.

After voir dire and the selection of a jury, the trial court noticed that appellant was engaging in conduct that led it to ask if he was "under the influence of any drugs or medications or alcohol or anything that would interfere with your understanding?" Appellant responded by saying that he was simply experiencing a lack of sleep. Further inquiry by the court led it to order that appellant undergo urinalysis and recess the trial until the following day. The test revealed the presence of amphetamine, methamphetamine, and ecstasy. 1Given the test results, the trial court desired to converse with appellant when trial resumed the next morning to determine if he was capable of actively participating in the trial. If he was not, then a mistrial would be entertained, according to the court.

Appellant and the trial court engaged in a rather extended discourse the following day. During it, the court asked if he was aware of the test results and when he last took the drugs for which he tested positive. Appellant acknowledged his awareness of the results but denied having voluntarily taken the drugs. He also denied being on any prescribed medications and attempted to explain why he was acting the way he did and his concerns about his attorney.[2] His protestations about not having voluntarily taken drugs prior to trial continued through trial, though he did concede that someone may have slipped something into his drinks consumed at a party held for him a day or two earlier. Though he rambled somewhat at times, appellant spoke cogently, or so the trial judge could have reasonably concluded. Furthermore, his answers to the trial court's questions were logically responsive even though the veracity of some of them could be viewed with some skepticism.

The same can be said of his conversation with the trial court while the latter admonished him about the pitfalls of personally testifying. Again, appellant not only spoke cogently and denied being under the influence of intoxicants but also evinced an understanding of his rights and the pitfalls faced in taking the witness stand. Ultimately, the trial court 1) found appellant competent to both stand trial and personally testify, 2)

---

[2]Appellant's counsel represents to us, via the appellant's brief, that appellant lacked the ability to communicate with his trial attorney due to the intoxication. An equally, if not more likely, inference from the circumstances of record would be that this purported lack of communication or desire to heed counsel's advice stemmed not from any effect of drugs but appellant's rather apparent lack of confidence in his trial attorney. As he told the trial court: 1) "I'm wanting him [*i.e.* defense counsel] to understand my side the way I understand his"; 2) [h]onestly, he's telling me that I'm guilty already"; and 3) "I'm trying to tell him over and over that -- why? And -- and explaining it to him. In other words, there's no defense."

proceeded with trial, and 3) denied the motions for mistrial made by appellant's counsel throughout the proceeding.[3]

Viewing the record in a light most favorable to the trial court's decision, it supports the trial court's finding that appellant was competent to converse with his attorney, understand the proceedings, and assist in his own defense. A defendant opting to testify and questioning the capability of his attorney is not synonymous with being intoxicated. Those may or may not be wise choices but man often acts rashly even when sober. So, there being evidence supporting the trial court's finding of competence, it had no obligation to order a mistrial.

More importantly, though, appellant acknowledged in his brief that "a trial on competency was not needed because Appellant's intoxication **was temporary**, **not something that a competency trial would find persisting after a few days from the drug consumption.**" (Emphasis added). Being a "temporary" condition that would not persist "after a few days," it would seem that a remedy less drastic than a mistrial may have been available to appellant. It consisted of a continuance. Appellant made effort to neither request one below or explain here why it would not have cured whatever prejudice he faced. Nor do we see why continuing the trial for a day or two could not have been a viable means to remedy the "temporary" condition. This being so and because appellant did not first ask for one, we will not interfere with the trial court's ruling. *See Wood v. State*, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000) (describing a continuance as "a much less drastic remedy" to mistrial and concluding that because the appellant failed to seek

_____

[3] When conversing with appellant while admonishing him about testifying, the trial court observed: 1) "[b]ut as far as your education, you seem to be able to talk to me fine and we understand each other," and 2) "you and I have been able to talk to each other and understand what we're saying, so I'm not seeing anything there that would prevent -- prevent you from testifying as far as a competency issue."

one to obtain purportedly needed evidence, the trial court did not abuse its discretion when denying the mistrial).

In sum, the decision to deny a mistrial fell within the zone of reasonable disagreement and, therefore, was not an instance of abused discretion. We overrule appellant's sole issue and affirm the judgment.

Brian Quinn
Chief Justice

Do not publish.